UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 1 5 2012
Jun 15 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NEAL NELSON,

    Plaintiff,

v.

UNITED STATES ARMY,

    Defendant

Case No.:

12CV4718
Judge Rebecca R. Pallmeyer
Mag. Judge Nan R. Nolan

## COMPLAINT

Neal Nelson ("Nelson") for his complaint against the United States Army ("Army"), alleges as follows:

### NATURE OF THE DISPUTE

1.    This action is premised upon, and consequent to, violations of both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq. This action challenges the unlawful failure of the United States Army ("Army"), to respond to Plaintiff's FOIA requests in ways that are required by the FOIA and the APA.

2.    After almost a year of predisclosure notification processing, the Army has released information for 28 of the approximately 45 companies that the Army claimed had paid to use the Army's Technology Integration Center Commercial Lab at Fort Huachuca, Arizona.

3.    The Army's statements and actions lead to the conclusion that the Army is withholding information that was requested by the Plaintiff under the FOIA.

1

4.    This suit asks the Court to order the release of all information that was requested by the Plaintiff under the FOIA, and to take such other actions as the Court deems appropriate.

## PARTIES

5.    The Plaintiff, Neal Nelson is a resident of East Dundee in Kane County of Illinois.

6.    The Defendant, the United States Army is a department of the United States government.

## JURISDICTION AND VENUE

7.    This court has jurisdiction over this matter pursuant to 5 U.S.C. §552(a)(4)(B), 28 U.S.C. § 1331 and 28 U.S.C. § 2201, et seq.

8.    Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

### Possible Violations of Army Policies and Software License Terms

9.    In approximately 1988 the Plaintiff began to provide computer consulting and computer software licensing services to the United States Army at Fort Huachuca, Arizona.

10.   One item that Plaintiff provided to the Army was software licensing so that the Army could use computer software that had been developed, and was owned, by Nelson.

11.    In the 1998 time frame the Army's Technology Information Center at Fort Huachuca,
       Arizona ("TIC") paid Nelson for a license to use Nelson's X-Remote Terminal
       Emulation ("X-RTE") software package.

12.    The X-RTE software license issued by Nelson included limitations on where and how
       the licensed software could be used.

13.    In the 2004 timeframe Plaintiff came to believe that the TIC was using Nelson's
       software in ways that violated both the software license's limitations and the Army's
       policies.

14.    The suspected violations included the TIC's use of Army resources, and Nelson's
       software, to provide computer and network testing services, for a fee, to non-
       government commercial firms, in competition with U.S. private testing laboratories
       (including one operated by Nelson).

15.    During the 2004-2006 timeframe Nelson made repeated contacts with several levels of
       the Army chain of command and suggested that the TIC might be violating license
       terms and/or Army policy. Samples of these communications are included in Exhibits
       1 and 8.

16.    After repeated refusals by the Army's chain of command to address the TIC's alleged
       violations, Nelson began to consider other options.

17.    After discussing this topic with several attorneys, Nelson concluded that no action
       could be brought based on suspected violations and that physical proof would be
       required.

18.     Nelson also realized that the TIC possessed and/or controlled all evidence of the
        possible violations.

19.     Nelson further determined that the Freedom of Information Act could require the
        Army to release information about the activities in the TIC's Commercial Lab.

20.     The FOIA requires government agencies to promptly release copies of records from
        government files. 5 U.S.C. § 552(a) et seq.

21.     The FOIA allows only nine exemptions to mandatory release, and Nelson could draft
        his FOIA requests to not include any material covered by any of these nine
        exemptions. 5 U.S.C § 552(b) et seq.

22.     Nelson filed his first FOIA request in March of 2007 and expected a response in 20
        workdays as required by law. 5 U.S.C. § 552(a)(6)(A)(i) and Exhibit 2.

23.     This initial filing started a five year sequence of events where the Army has
        fraudulently withheld information requested under the FOIA by insisting on
        unjustified processing, repeatedly missing deadlines (in three instances by over 7
        months) and withholding information without proper justification.

24.     Plaintiff's first count asserts that the Army has illegally withheld information that was
        properly requested under the FOIA and that this information should be promptly
        released.

25.     Plaintiff's second count asserts that the Army's actions while processing Plaintiff's
        FOIA requests were arbitrary and capricious and an abuse of the FOIA process that
        should be investigated in the manner specified in the FOIA.

26.	Plaintiff's third count asserts that the Plaintiff is entitled to equitable tolling based on the Army's actions with respect to Plaintiff's FOIA requests.[1]

## FACTS CONCERNING PLAINTIFF'S COUNT 1

### Regarding Plaintiff's March 5, 2007 FOIA Request

27.	The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

28.	In March of 2007 Plaintiff issued a FOIA request for information about activities relating to the Commercial Lab at the Army's Technology Integration Center at Fort Huachuca, Arizona for the time period 01 January 2001 through 31 December 2006. Exhibit 2, email dated March 5, 2007.

29.	The information requested by the Plaintiff included: 1) names of companies that had paid to use the TIC Commercial lab; 2) amounts paid by these companies; 3) a brief description of the tests performed for these companies; 4) the dates that the companies used the TIC Commercial lab; and 5) a list of resources that were used to perform the testing services. Exhibit 2, email dated March 5, 2007.

30.	The FOIA specifies that within twenty work days after receiving a FOIA request, an agency must: a) determine if the requested records can be located; b) estimate the search and duplication costs; c) determine if the requested records are covered by any of nine specific exemptions from required disclosure; and d) notify the requestor of these findings. 5 U.S.C. § 552(a)(3), (a)(4), (a)(6)(A)(i), (b).

---

[1] The format of the dates for the various documents included as exhibits have been set to match the format of the dates on those individual documents.

31.   In an email dated 2 May 2007, with an attached email copy dated April 20, 2007,

Defendant's representatives estimate processing costs of $ 1,296.00 for Plaintiff's

March 5, 2007 FOIA request. Exhibit 2 emails dated 2 May 2007 and April 20, 2007.

32.   Neither the 2 May 2007 nor the April 20 2007 emails include a claim that any of the

information requested by the Plaintiff was covered by Exemption 4. Id.

33.   The April 20 2007 email references a predisclosure notification process whereby each

of the approximately 30 outside companies would be permitted to review and redact

portions of government reports of "up to 600 pages" prior to being released. Although

not explicitly stated, this email implies that the Army is claiming information

contained in these reports is subject to FOIA Exemption (b)(4) since that is a

prerequisite to predisclosure notification processing. Exhibit 2, email dated April 20,

2007.

34.   The Army's claim that predisclosure notification was required was incorrect since

none of the information specified in Plaintiff's March 5, 2007 FOIA request was

provided to the government by any outside organization, thus none of the requested

information can be subject to FOIA Exemption (b)(4) which reads "trade secrets and

commercial or financial information obtained from a person and privileged or

confidential;". Exhibit 2, email dated March 5, 2007 and 5 U.S.C. § 552(b)(4).

### Regarding Plaintiff's September 12, 2007 FOIA Request

35.   The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

36.  In a letter dated September 12, 2007 Plaintiff issued a simplified FOIA request for copies of "Invoices issued by the government to all (approximately 30) non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present". Exhibit 3, letter dated September 12, 2007.

37.  In a letter dated October 1, 2007 Army representative Ellen Edwards stated that "No invoices are created." when outside companies pay to use the TIC Commercial lab. Ms. Edwards, however, suggested that company names, dates and dollar amounts could be assembled from Army records for a charge of $ 88.00 dollars. Exhibit 3, letter dated October 1, 2007.

38.  In the October 1, 2007 letter Ms. Edwards also stated that the assembled information would be subjected to a predisclosure notification process where the outside companies would be allowed to object to release of the information and that this predisclosure notification process would cost an additional $ 512.00 dollars. Id.

39.  The Army's October 1, 2007 letter does not include any statement or claim that any part of the requested information (names, dates or dollar amounts) was subject to being withheld under FOIA Exemption (b)(4).

40.  In a letter to Ms. Edwards dated October 5, 2007 Nelson agreed to pay $ 88.00 to assemble the requested information. Exhibit 3, letter dated October 5, 2007.

41.  Nelson's letter also pointed out that none of the requested information was provided to the Army by any outside organization. The letter stated that none of Nelson's FOIA request was subject to predisclosure notification procedures nor was any outside organization entitled to object to the release of the requested information. Id.

42. The bulk of the pages in Exhibit 3 are copies of various letters and emails that focus on the Army's insistence that predisclosure notification was required while Nelson's responses pointed out that there was no law or regulation that allowed the Army to perform predisclosure notification for the type of information that had been requested by Nelson.

43. In a letter dated May 29, 2008 Plaintiff made a final appeal to the Secretary of the Army, Office of the General Counsel regarding Plaintiff's September 12, 2007 FOIA request. Exhibit 3, letter dated May 29, 2008.

44. The FOIA requires that all appeals be processed within 20 work days. 5 U.S.C. § 552(a)(6)(A)(ii).

45. After a delay of 8 months Plaintiff's final appeal was rejected in a letter from Ronald J. Buchholz. Exhibit 3, letter dated February 9, 2009.

## Regarding Plaintiff's January 22, 2009 FOIA Request

46. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

47. As of January 21, 2009 the Plaintiff had not received any ruling on Plaintiff's May 29, 2008 "final appeal". Exhibit 3.

48. On January 21, 2009 President Barack Obama issued a memorandum regarding requests submitted under the Freedom of Information Act. A copy of this memorandum is included in Exhibit 4.

49.    The President's January 21, 2009 memorandum instructed all departments of the
       government to "adopt a presumption in favor of disclosure". Exhibit 4, document
       dated January 21, 2009.

50.    On January 22, 2009 Plaintiff submitted a new FOIA request that was similar to
       Plaintiff's September 12, 2007 FOIA request. Exhibit 4, letter dated January 22, 2009.

51.    The greater part of the documents in Exhibit 4 are copies of various emails and letters
       between the Plaintiff and the Defendant regarding Plaintiff's FOIA requests for
       information about how the Army was using the TIC to perform tests for outside
       commercial firms.

52.    On June 22, 2009 Plaintiff submitted a "final appeal" to the Secretary of the Army,
       Office of the General Counsel. Exhibit 4, letter dated June 22, 2009.

53.    On March 1, 2010, after another 8 month delay, Mr. Ronald J. Buchholz issued a
       denial of Plaintiff's final appeal. Exhibit 4, letter dated March 1, 2010.

**Regarding Defendant's Twelve Month Predisclosure Notification Process**

54.    The allegations made in all preceding paragraphs are realleged and incorporated by
       reference herein.

55.    On March 27, 2011 Plaintiff mailed a check for $ 1,159.00 as payment for
       predisclosure notification processing of Plaintiff's September 12 2007 and January 22,
       2009 FOIA requests.

56.    Exhibit 7 includes copies of various emails and letters regarding the predisclosure
       notification process. Exhibit 7.

57.     The Army's first partial release of information took place in an email dated 29
        November 2011. Exhibit 7, email dated 29 November 2011.

58.     The Army's second partial release of information took place in an email dated 12
        December 2011. Exhibit 7, email dated 12 Dec 2011.

59.     The Army's final release of information, which consolidated both previous partial
        releases, took place in an email dated 12 Mar 2012. Exhibit 7, email dated 12 Mar
        2012.

60.     The Defendant's performance of the predisclosure notification process required over
        eleven months.

61.     The Defendant ultimately released information for 28 companies in contrast to the
        "approximately 45 vendors" specified by Defendant on prior occasions. Exhibit 7,
        spreadsheet attached to email dated 12 Mar 2012.

62.     In addition, the Defendant's final release of information included 5 entries where the
        dollar amount was replaced with a notation "B4" and 13 entries where the dollar
        amount was listed as "No records available". Id.

63.     The 5 entries that were replaced with the notation "B4" indicate that the Defendant is
        claiming that those payment amounts are subject to being withheld under FOIA
        Exemption B4. Exhibit 7, letters and emails dated March 12 and 13, 2012.

64.     The 13 entries with the notation "No records available" indicate that payments were
        received from companies like IBM and Cisco but the Defendant claims that there are
        no records of how much money was received or how that money was spent.

**Regarding Plaintiff's February 12, 2008 FOIA Request**

65.    The allegations made in all preceding paragraphs are realleged and incorporated by
       reference herein.

66.    In August of 2005 Plaintiff notified General Michael Mazzucchi, Commanding
       General of the Army's Communications Electronics Command, of Plaintiff's concerns
       about activities in the TIC's Commercial Lab.  Exhibit 8, letter dated August 1, 2005.

67.    In September of 2005 General Mazzucchi notified the Plaintiff that the Inspector
       General of C-E LCMC had been asked to investigate the TIC's activities.  Exhibit 8,
       letter dated Sep 7 – 2005.

68.    The Inspector General assigned an attorney named Mrs. Raywood to investigate the
       TIC's Commercial Lab activities.

69.    In a letter dated September 30, 2005 Nelson notified the director of the CECOM
       acquisition center, Dr. Edward G. Elgart, of Plaintiff's concerns regarding activities at
       the TIC Commercial Lab.  Exhibit 8, letter dated September 30, 2005.

70.    In December of 2005 Dr. Elgart informed the Plaintiff that the acquisition center
       would not investigate the alleged violations by the TIC because they were going to
       rely on the Inspector General's report.  Exhibit 8, letter dated 12/13/05.

71.    On information and belief Mrs. Raywood's original report that stated the activities at
       the TIC were violating both software licensing terms and Army regulations.

72.    Mrs. Raywood's report was modified prior to final publication. This modification is
       confirmed by the statement "… an inspector general report which was subsequently

changed prior to the creation of a final version." Exhibit 5, letter dated December 8, 2008, page 2, second to last paragraph, last sentence

73. The published version of the report stated that the Army was not violating software license terms or Army regulations. Exhibit 10 is a copy of the final version of the report that was redacted and released by the Army.

74. In February of 2008 Plaintiff made a FOIA request for copies of selected pages from the original version of Mrs. Raywood's report. Exhibit 5, letter dated February 12, 2008.

75. In March of 2008 the Defendant denied Plaintiff's request claiming the requested pages could be withheld under FOIA Exemption (b)(5). Exhibit 5, letter dated Mar 7 2008.

76. Plaintiff appealed the denial. Exhibit 5, letter dated March 16, 2008.

77. In December of 2008, after another delay of over 8 months, Ronald J. Buchholz denied Plaintiff's appeal. Mr. Buchholz stated that the primary reason for the denial was that the requested document did not exist. Exhibit 5, letter dated December 8, 2008.

### Regarding Plaintiff's January 13, 2012 FOIA Request

78. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

79. On January 13, 2012 Plaintiff issued a FOIA request for information about how the TIC had spent the funds collected from outside companies that had paid to use the TIC Commercial Lab. Exhibit 6, letter dated January 13, 2012.

80.    The FOIA provides a response deadline of 20 work days.  5 U.S.C. § 552(a)(6)(A)(i).

81.    On January 23, 2012 the Plaintiff received an email from Ms. Connie Quinn stating
       that the Defendant planned to respond to the FOIA request on February 23, 2012.
       Exhibit 6, email dated January 23, 2012.

82.    On February 23, 2012 Ms. Quinn sent the Plaintiff an email with an attached letter that
       stated the response date would be extended to March 23, 2012.  Exhibit 6, email with
       attached letter dated February 23, 2012.

83.    Plaintiff did not receive any communication during March of 2012 from the Defendant
       regarding Plaintiff's January 23, 2012 FOIA request.

84.    The FOIA clearly states that when an agency fails to respond within the required 20
       work days, the requester is deemed to have exhausted the administrative remedies and
       thus the requester is entitled to seek remedy through the courts.  5 U.S.C. §
       552(a)(6)(C) and 5 U.S.C. § 552(a)(4)(B).

85.    On April 24, 2012, more than two months past the required response date, Plaintiff
       received a letter from the Defendant with an estimate of $ 4,075.00 to collect and
       release information on how the fees that had been collected from the 28 vendors had
       been spent.  Exhibit 6, Letter dated April 24, 2012.

86.    The April 24, 2012 estimate of $ 4,075.00 includes a fee of S 225.00 for "Copy
       Charges". Id.

87.    Army Regulation 25-55 specifies the rate to be charged for FOIA photo copying
       services as $ 3.50 for the first 6 pages and $ .10 for each additional page.  AR 25-55,
       Table 6-7, page 24.

88.   Applying the Army's own photocopy charge rate to the April 24 estimated copy
      charge of $ 225.00, suggests that the Army planed to deliver 2,221 pages of
      photocopies in response to Plaintiff's request for information about how the Army
      spent the revenue that the Army received from those 28 outside companies that paid to
      use the TIC Commercial Lab.

89.   Plaintiff submits that the Army's $ 4,075.00 estimate is inflated, and is another
      example of the Defendant's abuse of the Freedom of Information Act in an attempt to
      discourage release of information about activities at the TIC Commercial Lab.

## FACTS CONCERNING PLAINTIFF'S COUNT 2

### Regarding Conflicting Statements Concerning Judicial Review

90.   The allegations made in all preceding paragraphs are realleged and incorporated by
      reference herein.

91.   In February of 2009 the Defendant sent a letter to the Plaintiff that stated in part "You
      may, if you so desire, seek judicial review of this determination through the federal
      court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B)."
      Exhibit 3, letter dated February 9, 2009.

92.   In March of 2010 the Defendant sent a letter to the Plaintiff that stated in part "You
      may, if you so desire, seek judicial review of this determination through the federal
      court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B)."
      Exhibit 4, letter dated March 1, 2010.

93.    In December of 2008 the Defendant sent a letter to the Plaintiff that stated in part "You

       may, if you so desire, seek judicial review of this determination through the federal

       court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B)."

       Exhibit 5, letter dated December 8, 2008.

94.    On March 18, 2010 Nelson filed a complaint in the United States Distinct Court for the

       Northern District of Illinois, Eastern Division seeking review of various FOIA related

       actions taken by the Army.  This case was assigned docket number 1:10-cv-01735.

95.    On June 2, 2010 the United States Attorney filed an answer to Nelson's complaint.

       The answer's first defense stated "Plaintiff has failed to exhaust his administrative

       remedies to the extent that the Department of the Army has not made a determination

       as to whether the information sought by plaintiff is properly subject to exemptions

       provided under the Freedom of Information Act, 5 U.S.C. § 522, et seq., due to

       plaintiff's refusal to pay the requisite fees associated with the predisclosure

       notification process.".  Exhibit 11, Document 16, Page 1.

96.    The Defendant's repeated statements that the Plaintiff was entitled to seek judicial

       review, followed by Defendant's assertion to the court that the Plaintiff was not

       entitled to seek judicial review, is an example of the Army's arbitrary and capricious

       actions relating to Nelson's FOIA requests.

### Regarding Defendant's Failures to Meet Deadlines

97.    The allegations made in all preceding paragraphs are realleged and incorporated by

       reference herein.

98.  The FOIA requires that certain responses must be competed in 20 work days.  5 U.S.C.
     § 552(a)(6)(A)(i), (ii).

99.  Documents show that on three occasions the Defendant was over 7 months late in
     responding to Plaintiff's appeals.  Exhibit 3, appeal dated May 29, 2008 and response
     dated February 9, 2009; Exhibit 4, appeal dated June 22, 2009 and response dated
     March 1, 2010; and Exhibit 5, appeal dated February 12, 2008 and response dated
     December 8, 2008.

100. This apparent disregard for the FOIA's required completion dates is another example
     of arbitrary and capricious actions by the Defendant.

**Regarding Defendant's Insistence on Predisclosure Notification Processing**

101. The allegations made in all preceding paragraphs are realleged and incorporated by
     reference herein.

102. Executive Order 12600 includes a definition of the information that is subject to
     predisclosure notification processing.  This definition states: "...records provided to
     the government by a submitter that arguably contain material exempt from release
     under Exemption 4 of the Freedom of Information Act, 5 U.S.C. 552(b)(4), because
     disclosure could reasonably be expected to cause substantial competitive harm."  52
     FR 23781 (June 23, 1987).

103. The "Tripartite Test" provides the established criteria for determining if information
     can be withheld under FOIA Exemption 4.  It states "Exemption Four applies if a
     tripartite test is satisfied: (1) The information for which exemption is sought must be a
     "trade secret" or "commercial or financial" in character; (2) it must be "obtained from a



person,"; and (3) it must be "privileged or confidential"." Nadler et al. v. The FDIC, 92 F. 3d – 93,95; (2nd Cir.1996).

104.  Further guidance on the application of Exemption 4 can be obtained from Bloomberg, L.P. v. The Board of Governors of the Federal Reserve. 601 F.3d 143, 145-151 (2nd Cir. 2010).

105.  In Bloomberg Bloomberg L.P. requested information about loans that had been made to various banks from the Board of Governors of the Federal Reserve ("FED"). Id.

106.  The data elements requested under the FOIA in the Bloomberg case were names, dates, dollar amounts and descriptions of collateral. Id.

107.  The Appeals Court ruled that the information about a loan did not exist until some employee at the FED had approved a loan application, and thus the requested information had been created within the FED and had not been provided by an outside "person" i.e. company. Id.

108.  The Court acknowledged that the Federal Reserve had made a strong presentation regarding possible competitive harm, but this, by itself, was not sufficient justification for withholding the requested information. Id.

109.  In its ruling, the Appeals Court specifically mentioned the OSHA Data/CIH case, with another case, and then stated: "We conclude that they do not provide a reason to extend Exemption 4 to cover the information requested in this case." Bloomberg 601 F.3d at 148.

110.    In Bloomberg the court found that the requested information failed to meet the
        "provided to the government by a submitter" or the "obtained from a person" criteria.
        Id.

111.    The information requested in the Bloomberg case is virtually identical to the
        information that was requested by the Plaintiff on September 12, 2007 and January 22,
        2009. Exhibits 3 and 4.

112.    In Bloomberg the court did not require or permit predisclosure notification prior to
        making a determination regarding Exemption 4. 601 F. at 145-151.

113.    In Bloomberg the court found that the information had to be released. Id.

114.    The court's ruling reinforces the fact that failure to meet even one of the multiple
        criteria on Exemption 4 means that the information must be released. Id.

115.    The Defendant's repeated insistence that predisclosure notification processing be
        performed for Plaintiff's March 3, 2007, September 12, 2007 and January 22, 2009
        FOIA requests is further evidence of arbitrary and capricious actions taken by the
        Defendant. Exhibits 2, 3 and 4.


**Regarding Defendant's Performance of the Predisclosure Notification Process**

116.    The allegations made in all preceding paragraphs are realleged and incorporated by
        reference herein.

117.    In March of 2011 Nelson sent a check for $ 1,159.00 to the Army as payment for the
        predisclosure notification process. Exhibit 7, email dated 24 Mar 2011.

18

118.　After an 8 month delay the Army made its first partial release of information for 7 companies that had paid to use the TIC Commercial Lab. Exhibit 7, spreadsheet attached to email dated 29 Nov 2011.

119.　The following month the Army released information for 22 companies that had paid to use the TIC's Commercial lab. However, 7 of the 22 had already appeared on the November list, so the December list included information on 15 new companies. Exhibit 7, spreadsheet attached to email dated 12 Dec 2011.

120.　In March of 2012 the Army released its "final" list that consisted of information for a total of 28 companies. Exhibit 7, spreadsheet attached to email dated 12 Mar 2012.

121.　The Army took almost 12 months to perform the predisclosure notification process for 28 of the "approximately 45 vendors" that the Army had previously stated were subject to the predisclosure notification process. Exhibit 7, spreadsheet attached to email dated 12 Mar 2012.

122.　This is further evidence of Defendant's arbitrary and capricious actions with respect to Plaintiff's FOIA requests.

### FACTS CONCERNING PLAINTIFF'S COUNT 3
### Regarding Equitable Tolling

123.　The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

124.　The federal Contact Disputes Act ("CDA") has a six year statute of limitations. 41 U.S.C. § 7101 et seq.

125. The Federal Tort Claims Act ("FTCA") has a two year statute of limitations. 28 U.S.C. §§ 1346(b), 2671-2680.

126. Defendant's preparation and subsequent editing of Report XC-05-0149 took over a year. Exhibits 9 and 10.

127. Defendant's processing of three appeals by Ronald Buchholz combined to take over two years. Exhibits 3, 4 and 5.

128. The lawsuit filed by the Plaintiff (1:10-cv-01735), where the Defendant repeatedly instructed Plaintiff to file, and subsequently argued that the Plaintiff was not entitled to file, took a year.

129. The Defendant's performance of the predisclosure notification process took almost a year. Exhibit 7.

130. These major events, combined with Defendant's numerous other less dramatic delays, combine with the result that the statutes of limitations for both the CDA and the FTCA may have expired relative to possible action by the Plaintiff against the Defendant concerning the Army's activities in the TIC Commercial Lab.

131. In 2010, the United States District Court for the Central District of California cited Fed. Election Com'n v. Williams 104 F.3d 237, 240-41 (9th Cir. 1996)) and summarized the requirements for equitable tolling by stating "Equitable tolling requires the following elements: "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." 680 F. Supp. 2d at 1173.

132.    The Supreme Court has ruled: "If want of due diligence by the plaintiff may make it
        unfair to pursue the defendant, fraudulent conduct on the part of the defendant may
        have prevented the plaintiff from being diligent, and may make it unfair to bar appeal
        to equity because of mere lapse of time. Equity will not lend itself to such fraud, and
        historically has relieved from it. It bars a defendant from setting up such a fraudulent
        defense, as it interposes against other forms of fraud. And so this Court long ago
        adopted as its own the old chancery rule that, where a plaintiff has been injured by
        fraud and 'remains in ignorance of it without any fault or want of diligence or care on
        his part, the bar of the statute does not begin to run until the fraud is discovered, ...'".
        Holmberg et al. v. Armbrecht et al. 327 U.S. 392, 396-397, (1946).

133.    The Supreme Court also stated "This equitable doctrine is read into every federal
        statute of limitation.". See Holmberg 327 U.S. at 397.

134.    The Supreme Court has confirmed that "... we do not unsettle the understanding that
        federal statutes of limitation are generally subject to equitable principles of tolling ...".
        Rotella v. Wood, 528 U.S. 549, 560 (2000).


## COUNT 1

### Violation of the Freedom of Information Act

135.    The allegations made in all preceding paragraphs are realleged and incorporated by
        reference herein.

136.    Plaintiff has a statutory right under the Freedom of Information Act to review, and
        make copies of, the government records that were described in Plaintiff's various
        FOIA requests. Exhibits 2, 3, 4, 5 and 6.

137.  Plaintiff's rights were violated when the Defendant declined to release the information requested by the Plaintiff under the FOIA. Exhibits 2, 3, 4, 5 and 6.

138.  At no time during the review of Plaintiff's information requests did the Defendant provide the Plaintiff with the written notice of administrative options required to invoke the "unusual circumstances" clause of the FOIA that would allow a longer than 10-day extension to the FOIA's determination deadlines. 5 U.S.C. § 552(a)(6)(B)(ii).

139.  There are no "unusual circumstances" within the meaning of 5 U.S.C. § 552(a)(6)(B)(ii) that apply to Defendant's determinations for Plaintiff's various information requests.

140.  Plaintiff has a statutory right to have the Defendant process Plaintiff's FOIA requests in a manner which complies with the requirements of the FOIA.

141.  Plaintiff's rights were violated when the Defendant unlawfully delayed responses to Plaintiff's information requests beyond the deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(i), (ii), (B) and Exhibits 3, 4, 5 and 6.

142.  The Defendant should promptly release all of the remaining information requested by the Plaintiff described in Exhibits 3, 4, 5 and 6.

143.  Plaintiff is entitled to reasonable costs of litigation and such other expenses as the Court deems appropriate. 5 U.S.C. § 552(a)(4)(E).

## COUNT 2

### Violation of the Administrative Procedures Act

144.  The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

145.  The specific examples of arbitrary and capricious behavior listed above, the Defendant's failure to release requested information that is not properly covered by a FOIA Exemption from release, and the Defendant's failure to issue timely determinations for Plaintiff's information requests, constitute violations of the FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and is not in accordance with the law, and is therefore actionable pursuant to the APA. 5 U.S.C. § 706(2).

146.  Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of the FOIA as a result of its failure to release requested information, when such information was not properly covered by any FOIA Exemption from release.

147.  Defendant has unlawfully withheld agency action by failing to comply with the mandates of the FOIA as a result of its failure to release requested information, when such information was not properly covered by any FOIA Exemption from release.

148.  Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of the FOIA as a result of its failure to issue timely determinations on Plaintiff's information requests.

149.    Defendant has unlawfully withheld agency action by failing to comply with the
        mandates of the FOIA as a result of its failure to issue timely determinations on
        Plaintiff's information requests.

150.    Plaintiff has been adversely affected by Defendant's failure to comply with the
        mandates of the FOIA.

151.    Plaintiff has suffered a legal wrong as a result of the Defendant's failure to comply
        with the mandates of the FOIA.

152.    Defendant's failure to release requested information that is not properly covered by a
        FOIA Exemption from release, and Defendant's failure to issue timely determinations
        for Plaintiff's information requests, has injured Plaintiff's interests in public oversight
        of governmental operations and constitute a violation of Defendant's statutory duties
        under the APA.

153.    Defendant's failure to release requested information that is not properly covered by a
        FOIA Exemption from release, and Defendant's failure to issue timely determinations
        for Plaintiff's information requests, constitutes agency action unlawfully withheld and
        unreasonably delayed and is therefore actionable pursuant to the APA. 5 U.S.C. §
        706(1).

154.    Plaintiff is entitled to judicial review under the Administrative Procedure Act. 5
        U.S.C. §§ 702, 706.

155.    Plaintiff is entitled to reasonable costs of litigation, including reasonable attorney fees,
        under the Equal Access to Justice Act. 28 U.S.C.S. § 2412.

## COUNT 3

### Defendant's Actions Justify Equitable Tolling

156.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

157.    The Defendant delayed, or prevented, the release of pertinent information about the Army's activities in the TIC Commercial Lab.

158.    The Defendant fraudulently withheld requisite facts by arbitrary and capricious processing of Plaintiff's various FOIA requests.

159.    The Plaintiff has been diligent in trying to uncover the requisite facts through both administrative and FOIA requests.

160.    Regarding any action by the Plaintiff concerning the Army's activities at the TIC Commercial Lab, the three requirements for equitable tolling have been met, and equitable tolling is appropriate.

161.    The Plaintiff is entitled to equitable tolling regarding the Army's activities at the TIC Commercial Lab vis à vis the Plaintiff and/or Plaintiff's firm Neal Nelson & Associates.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the court enter judgment in his favor and against the Defendant as follows:

1. That the Court order the Defendant to promptly release copies of all of the documents and information requested by the Plaintiff under the FOIA requests that are included herein as parts of Exhibits 3, 4, 5 and 6;

2. That the Court supervise the Army's processing of FOIA requests in general, and Plaintiff's FOIA requests included herein in particular, to insure prompt and accurate release of the requested information in accordance with applicable laws and regulations;

3. That the Court retain jurisdiction over this case until such time as the Court is satisfied that the Army is processing all FOIA requests in substantial compliance with all requirements set forth in the FOIA, other applicable policies, and the President's January 21, 2009 FOIA memorandum;

4. That the Court issue a written finding that the Army's behavior in processing Plaintiff's various FOIA requests constituted arbitrary and capricious actions by agency personnel, and in accordance with 5 U.S.C. § 552(a)(4)(F) refer this matter to the Special Counsel for possible disciplinary action;

5. That the Court issue a written statement of judicial notice: a) that information requested under the FOIA by the Plaintiff was fraudulently withheld by the Defendant; b) that the Plaintiff was diligent in pursuing release of the requested information; c) and that Equitable tolling is appropriate relative to possible future action by the Plaintiff, or Plaintiff's company, Neal Nelson & Associates, Inc. regarding activities by or associated with the Defendant's Technology Integration Center at Fort Huachuca, Arizona;

6. That the Court order the Defendant to pay to the Plaintiff an amount, as approved by the Court, for: a) costs incurred by the Plaintiff and associated with this action; b) Plaintiff's March 2011 payment for pre-disclosure notification processing; and c) costs incurred by



the Plaintiff in Plaintiff's prior action in this Court identified by docket number 1:10-cv-01735 and such other amounts as the Court deems appropriate.

7. That the Court award such other and further relief as the Court deems just.

Respectfully submitted this 15th day of June 2012

By:

Neal Nelson (pro-se)
222 North River Street
East Dundee, Illinois 60118
(847) 851-8900
Email: neal@nna.com

# EXHIBITS

# Exhibits – Table of Contents

1.   Copies of letters and emails regarding TIC testing for Extreme Networks.

2.   Copies of documents relating to Plaintiff's March 5, 2007 FOIA request.

3.   Copies of documents relating to Plaintiff's September 12, 2007 FOIA request.

4.   Copies of documents relating to Plaintiff's January 22, 2009 FOIA request.

5.   Copies of documents relating to Plaintiff's February 12, 2008 FOIA request.

6.   Copies of documents relating to Plaintiff's January 13, 2012 FOIA request.

7.   Copies of documents relating to the Army's pre-disclosure notification processing.

8.   Copies of letters and emails regarding TIC Violations, an appeal to the CECOM acquisition center and Army Report XC-05-0149.

9.   Copies of letters and emails regarding Army Report XC-05-0149.

10.  A copy of Report XC-05-0149 as redacted by the Army.

11.  Selected documents from the record of lawsuit with docket number 1:10-cv-01735

# EXHIBIT 1

Message                                                                    Page 1 of 1

**From:** neal@nna.com
  **To:** "Bradford, Dan.Q HQISEC" <daniel.q.bradford@us.army.mil>
**Date:** 03 Aug 2004, 08:22:47 AM
**Subject:** Re: Neal Nelson

Dan,

I plan to go to California next week. I want to meet
with Extreme Networks while I am there. They will not
return my phone calls asking for a meeting.

Did you offer Extreme testing services from the TIC
labs in competition with the testing services that I
offer to the commercial marketplace?

From: "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
To: "'neal@nna.com'" <neal@nna.com>
Cc: "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>
Date: 03 Aug 2004, 10:53:42 AM
Subject: RE: Neal Nelson

HTML content follows

RE: Neal Nelson

Neal,

I just confirmed that nobody in the TIC has talked to Extreme about any testing.

dan

**From:** "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
  **To:** "'neal@nna.com'" <neal@nna.com>
  **Cc:** "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>,
     "Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
**Date:** 13 Sep 2004, 02:29:09 PM
**Subject:** RTE Testing and the Government's Position

---

HTML content follows

Message
Neal,

I am forwarding a coordinated memo that relates to our use of the NNA RTE software. This memo has been coordinated with the CECOM legal staff and accurately reflects the TIC's position on the use of your tool. Having said that, I want to continue to work with you in an attempt to grow business for NNA and the TIC. Please understand that these are not "business as usual" times - things have drastically changed, and I am trying to find new work. These small RTE tests with the commerical testing pay for nothing, but they are essential for me to guarantee that Army systems work properly before we recommend fielding. That was the entire purpose of the RTE testing.

Extreme Networks did make contact with us on 7 Sept and ask us to run them through Ken's lab. No matter what I do, it will not convince them to buy an entire RTE setup from your company. You are free to market anyone you like for RTE setups Neal, regardless of my opinion with this one company. If you would care to discuss this, please let me know.

Dan


*Daniel Q. Bradford*
*Director, Technology Integration Center*

U.S. Army
HQUSAISEC
ATTN: AMSEL-IE-TI
Building 53302
Fort Huachuca, AZ 85613-5300

Phone: (Commercial): 520-533-7195 / 2794
       (DSN): 821-7195 / 2794
       (Cell): 520-249-7274

Pager: 800-664-0143
Email: Bradfordd@hqisec.army.mil
      daniel.q.bradford@us.army.mil

From: neal@nna.com
To: "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
Cc: "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>,
"Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
Date: 13 Sep 2004, 04:19:48 PM
Subject: Re: RTE Testing and the Government's Position

Dan,

Army Regulation 73-1, page 27, Section 7-4, paragraph b states that
use of an Army test facility is allowed only if it does not compete
with the U.S. commercial sector.

The TIC has already violated this policy when it did the AdTran test.
If the TIC offers runs a test for Extreme it will violate it again.

I request that you reconsider you decision to offer testing services
to Extreme.

Neal

**From:** "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
  **To:** "'neal@nna.com'" <neal@nna.com>,
       "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
  **Cc:** "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>,
       "Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
 **Date:** 13 Sep 2004, 04:33:36 PM
**Subject:** RE: RTE Testing and the Government's Position

---

HTML content follows

## RE: RTE Testing and the Government's Position

Neal,

Our legal staff would argue otherwise. According to everything that's been reviewed numerous times, I am within my right to take money from industry to ensure that systems targeted for use in the US Army infrastructure is capable of meeting our requirements. I don't view it as commercial testing but rather system integration or candidate vendor products (into that infrastructure). US Code, Title 10 once again gives me the authority to do what I'm doing. US Code is law, Army regs are not, but I will look at the reg. My position is that I am not competing with industry. The RTE testing is but one small facet of the integration test that we do when companies like Extreme come here. Nobody in industry can do that so I am not in competition, and I have a responsibility to the Army and my PMs to effectively do networthiness testing on their behalf.

Mark, please comment.

Tnx
Dan

**From:** neal@nna.com
   **To:** "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
   **Cc:** "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>,
       "Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
 **Date:** 13 Sep 2004, 05:43:36 PM
**Subject:** Re: RTE Testing and the Government's Position

Dan,

Go back and read section 2539b. It says "when in the interest of national
defense". AdTran was trying to improve their chance of getting an I3MP
order. They were not doing basic research to advance national defense.
Furthermore, Ken and I offered the same services to AdTran at the same
price. That is competition. 73-1 states clearly "is not competing with
U.S. commercial sector". The AdTran test did not meet the requirements
of 2539b and clearly violated 73-1.'

I cannot comment on why your legal people are telling you that you can
compete in the commercial sector but I think they are wrong.

Once again I am requesting that you explain to Ken that he is not
allowed to compete in the commercial sector.

Neal

From: "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
To: "'neal@nna.com'" <neal@nna.com>,
"Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>
Cc: "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>,
"Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
Date: 13 Sep 2004, 05:53:45 PM
Subject: RE: RTE Testing and the Government's Position

HTML content follows

RE: RTE Testing and the Government's Position

Neal,

I will follow the guidance that CECOM Legal gives me. Unless you can convince them otherwise, I feel that I'm within the law. You'd be hard pressed to tell some General/PM that I'm not doing adequate testing on products heading to SWA, PAC, Europe, and CONUS simply because NNA wants to sell RTE Software to vendors. My testing is beyond what you do. You essentially moved into an area we developed (network testing - which was never the goal of your tool) and are now claiming we are competing. I don't feel we are. I will not tell my engineers not to test something that could uncover inferior products used in the field, especially in SWA. That's unwise and could put C4I systems at risk. I am willing to work with you, but I will do what I can to ensure Army systems comply with regs, architectural standards, and PM's KPPs.

Marc, rather than this go on forever, can you please weigh in and settle this once and for all?

Tx
Dan

**From:** "Rosen, Marc J CECOM Legal Office-Huachuca" <Marc.Rosen@us.army.mil>
**To:** "Bradford, Dan Q HQISEC" <daniel.q.bradford@us.army.mil>,
"'neal@nna.com'" <neal@nna.com>
**Cc:** "Aragon, Arthur J LTC HQISEC" <Arthur.Aragon@us.army.mil>
**Date:** 13 Sep 2004, 06:05:22 PM
**Subject:** RE: RTE Testing and the Government's Position

HTML content follows

RE: RTE Testing and the Government's Position

I believe that the letter which was sent by Mr. Bradford to Mr. Nelson accurately states our position on this issue. At this time, I see no reason to modify that position.

Marc J. Rosen, Esq.
U.S. Army Communications and Electronics Command
Legal Office, Ft. Huachuca Division
c/o USAISEC, TIC
ATTN: AMSEL-IE-TI, Bldg. 53302
Ft. Huachuca, AZ 85613-5300
(520) 533-4168
(520) 533-7196 (Fax)

# EXHIBIT 2

From: neal@nna.com [mailto:neal@nna.com]
Sent: Saturday, March 03, 2007 8:16 PM
To: Edwards, Ellen P MONMOUTH USAG
Subject: FOI Request Neal Nelson

March 5, 2007

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russel Hall
Fort Monmouth, NJ 07703

FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request access to, and copies of, the following information:

1. The names of all non-government organizations that have paid to use the commercial testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and 31 December 2006,

2. The amounts paid to the Army by each of these organizations,

3. A brief description of the tests that were performed by the Army for these organizations,

4. The dates that the organizations used Army facilities,

5. A list of resources, including equipment, software and personnel time, used to perform the above-mentioned tests.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $100. Please notify me prior to your incurring any expenses in excess of that amount. I request a waiver of the fees for this request because disclosure of the requested information to me is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the Army.

I am making this request as an individual seeking information for personal use and not for commercial use.

If this is not the correct FOI agency to process this request, please forward it to the appropriate agency.

If you wish to contact me to discuss this request, my telephone number is 847-851-

8900. I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL 60118
847-851-8900

**From** "Edwards, Ellen P MONMOUTH USAG" <Ellen.Edwards@us.army.mil>
**To** "neal@nna.com" <neal@nna.com>
**Date** Mon, 12 Mar 2007 14:29:41 -0400
**Subject** RE: FOI Request Neal Nelson
**Client** Internet Mail Service (5.5.2658.27)

Mr. Nelson,
I have forwarded your request to the Operations Officer, MAJ Kent Snyder at the U.S.
Army Technology Integration Center (TIC) at Fort Huachuca, AZ. His address is:
Commander,U.S. Army Information Systems Engineering Command, ATTN: AMSEL-IE-
MS (Ops)Fort Huachuca, AZ 85613-5300. He will ensure your request is received and
processed by the appropriate FOIA personnel.
I only process FOIA requests involving Contracts at Fort Huachuca. Thank you.

Ellen Edwards
FOIA OFFICER
Directorate of Human Resources
US Army Garrison
Fort Monmouth, NJ 07703
Comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

From: neal@nna.com [mailto:neal@nna.com]
Sent: Monday, March 19, 2007 5:19 PM
To: Edwards, Ellen P MONMOUTH USAG
Subject: Re: FOI Request Neal Nelson

Ms. Edwards,

I have not heard anything from MAJ Snyder.

Could you give me his phone number and/or email address so I can ask him about the status of my request?

Thank You,

Neal Nelson

**From** "Edwards, Ellen P MONMOUTH USAG" <Ellen.Edwards@us.army.mil>
**To** "neal@nna.com" <neal@nna.com>
**Date** Tue, 20 Mar 2007 14:18:46 -0400
**Subject** RE: FOI Request Neal Nelson
**Client** Internet Mail Service (5.5.2658.27)

I have forwarded your request to him. I will let you know when I hear back from him.
Thanks,


Ellen Edwards
FOIA OFFICER
Directorate of Human Resources
US Army Garrison
Fort Monmouth, NJ 07703
Comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

March 27, 2007

IMNE-MON-HRR

SUBJECT: Freedom of Information Act Request 2007212 /March 5, 2007 for information regarding the U.S. Army Technology Integration Center at Fort Huachuca, AZ

Mr. Neal Nelson
222 N. River St.
East Dundee, IL 60118

Dear Mr. Nelson:

Today we processed your FOIA request of March 5, 2007 for information regarding the U.S. Army Technology Integration Center at Fort Huachuca, AZ.

Your request has been provided to the office which controls the files you requested. Please refer to No. 2007212 on all further correspondence.

Thank you.

Sincerely,

/s/

Ellen Edwards
FOIA Officer
(732) 532-1769

Message-ID: <5F6E70D8ED5D274F9D9A721485C0A46213F7BC71@monm203.nae.ds.army.mil>
From: "Edwards, Ellen P MONMOUTH USAG" <Ellen.Edwards@us.Army.Mil>
To: "Fetting, Crystal D Ms CIV USA AMC" <Crystal.Fetting@US.ARMY.MIL>
Cc: "Rosen, Marc J Mr CIV USA AMC" <Marc.Rosen@us.army.mil>,
        "Snyder, Kent M MAJ MIL USA AMC" <Kent.Snyder@us.army.mil>,
        "Hargrave, Caryn LM C-E LCMC LEGAL" <Caryn.Hargrave@us.army.mil>,
        "McMicken, Nelson O Mr CIV USA AMC" <Nelson.McMicken@US.ARMY.MIL>
Subject: FOIA 20072l2 Request for Neal Nelson S: 4/24/07
Date: Tue, 27 Mar 2007 14:32:31 -0400
Return-Receipt-To: "Edwards, Ellen P MONMOUTH USAG"
        <Ellen.Edwards@us.Army.Mil>
MIME-Version: 1.0
X-Mailer: Internet Mail Service (5.5.2658.27)
x-mailer: Internet Mail Service (5.5.2658.27)
x-brightmail-tracker: AAAAAA==
x-auditid: 89503c3e-00000ab0000005fc-f6-4609634570ca
Content-Type: multipart/mixed;
        boundary="----_=_NextPart_002_01C78CC6.AEE43040"


------_=_NextPart_002_01C78CC6.AEE43040
Content-Type: text/plain

 Crystal,
        I have been informed by Marc Rosen in the.legal office at Fort Huachuca
that this request should go to you. I have attached the "A" and "B" letter to
be used for completing this FOIA request. The "A" letter is an instructional
letter and the "B" letter should be filled out and returned to me with whatever
information you are releasing/withholding. Please have your legal office review
before sending back to me. If you have any questions at all please don't
hesitate to contact me. I will send the requester an acknowledgement letter to
let him know we have received and are processing his request (I'll CC you).
        As you can see from the e-mail below, I originally sent this directly to
MAJ Snyder, but it was supposed to go to you instead. The request is at the
bottom. Thanks,


Ellen Edwards
FOIA OFFICER
Directorate of Human Resources
US Army Garrison
Fort Monmouth, NJ 07703
Comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

**From** "Edwards, Ellen P MONMOUTH USAG" <Ellen.Edwards@us.army.mil>
**To** "neal@nna.com" <neal@nna.com>
**Cc** "Fetting, Crystal D Ms CIV USA AMC" <Crystal.Fetting@us.army.mil>
**Date** Wed, 2 May 2007 10:35:44 -0400
**Subject** FW: Mr. Neal Nelson - FOIA Request (UNCLASSIFIED)
**Client** Internet Mail Service (5.5.2658.27)

Mr. Nelson,
The estimate to complete this request is below. Do you want to continue for that amount. If so, I would need a 50% deposit - $648. Please let me know as soon as possible if you want to continue. Thank you

Ellen Edwards
FOIA OFFICER
Directorate of Human Resources
US Army Garrison
Fort Monmouth, NJ 07703
Comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

----Original Message----
From: Fetting, Crystal D Ms CIV USA AMC
Sent: Friday, April 20, 2007 5:33 PM
To: Edwards, Ellen P MONMOUTH USAG
Cc: Rosen, Marc J Mr CIV USA AMC; Baker, Janet K Ms CIV USA AMC; Barber, Arlie
C-E LCMC HQISEC; Acord, Ken J C-E LCMC HQISEC; Coram, Daniel O Mr CIV USA
AMC; Snyder, Kent M MAJ MIL USA AMC; Hargrave, Caryn LM C-E LCMC LEGAL
Subject: Mr. Neal Nelson - FOIA Request (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Ellen,

I apologized for not getting this out to you sooner, but based upon the fee schedule
given in the attached Letter B, it is estimated that to fulfill Mr. Nelson's request it would
require, at the very least, the following man hours:

Search Time
Retrieval of required documents located on hardcopy and softcopy - 8 hours at $44.00
per hour = $352.00

Duplication
Time it would take for admin personnel to copy such documents - 4 hours at $20.00 per
hour = $80.00

Correspondence
Time spent writing and corresponding with the required companies - 8 hours at $20 per hour = $160.00

Review Time
Time spent reviewing the predisclosure notifications - 16 hours at $44.00 per hour = $704.00

Based on the figures given in this email, the estimated cost associated with Mr. Nelson's request would be approximately $1296.00

Please note, this estimate does not include the duplication fees that would be associated with this type of request. We would have to send predisclosure notifications to approximately 30 companies that would then, have to redact the associated documents. The total duplication cost would depend on the size of the individual documents, some of which are up to 600 pages.

If you need more information or have any questions, please don't hesitate to contact me.

Thanks,

Crystal Fetting
Management Analyst, HQ ISEC S1
ATTN: AMSEL-IE-MS
Ft. Huachuca, Az 85613-5300
COM: (520) 538-6160 DSN: 879-6160
FAX: (520) 538-7356

ISEC: crystal.fetting@hqisec.army.mil
AKO: crystal.fetting@us.army.mil
Classification: UNCLASSIFIED
Caveats: NONE

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

June 21, 2007

Honorable J. Dennis Hastert
Member of Congress
27 North River Street
Batavia, Illinois 60510

Dear Representative Hastert,

It has come to my attention that the Army's Technology Integration Center (TIC) at Fort
Huachuca, Arizona has been using Army resources to provide computer and network
testing services on a fee basis to private industry.

I would like to learn more about this activity and on March 5, 2007 I sent a Freedom of
Information Act request to the CECOM FOIA contact Ms. Ellen Edwards (copy
attached). For the period starting in 2000 and continuing until the present I requested 5
pieces of summary information about each time the TIC had provided these types of
testing services to commercial firms. The requested data was: 1) The name of the
commercial firm using Army facilities, 2) The amount paid to the Army, 3) A brief
description of the tests performed, 4) The dates when the tests took place, and 5) The
Army resources used to perform the tests.

On March 27, 2007 my request was logged into the system and given an identifying
number of 2007212 (copy attached).

On May 2, 2007 I received an email from Ms. Edwards advising me that the Army
wanted to charge me $ 1,296.00, plus duplication fees (mentioning 600 page documents),
to contact the outside organizations and collect the requested information.

There seems to have been some misunderstanding. First, my request for this summary
data should be easy to answer by a quick review of Army copies of the Test Agreements.
Second, there is no need to contact the outside companies. Third, there is no need to
duplicate any 600 page documents. Fourth, release of this information is in the public
interest and thus the fees could be waived.

Can you assist me in obtaining the requested information and learning more about this
commercial testing activity that is being performed with government resources?

Thank You,

Neal Nelson





**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY COMMUNICATIONS-ELECTRONICS
LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

JUL 1 6 2007

Legal Office, HQ, US Army Information Systems
Engineering Command (ISEC)

United States Congressman J. Dennis Hastert
14th District of Illinois
27 N. River St.
Batavia, IL 60510

Dear Congressman Hastert:

This is in response to your letter dated June 26, 2007, regarding
a Freedom of Information Act (FOIA) request from Mr. Neal Nelson
seeking information regarding the US Army Information Systems
Engineering Command's (ISEC) Technology Integration Center (TIC)
located at Ft. Huachuca, AZ. Mr. Nelson requested specific
information about a program that permits testing to be done at the TIC
for commercial entities, pursuant to 10 U.S.C. 2539b. He requested
information that included the names of all non-Government
organizations that have paid to use this testing service, the amounts
paid, brief descriptions of the tests, the dates of the tests and a
list of TIC resources used in the tests, including equipment, software
and personnel time.

Mr. Nelson's FOIA request was received by AMC on March 5, 2007.
On May 2, 2007 AMC responded that it would cost $1296.00 in personnel
time to search for, and review the documents, plus the actual duplicating
costs. Mr. Nelson was also informed that pre-disclosure notifications
would be required. Mr. Nelson never responded to AMC.

In his letter dated June 21, 2007, Mr. Nelson asked that your
office obtain more information regarding his request. He believes
that this request should not require the extensive document review and
copying that was indicated, that no pre-disclosure should be required,
that no large documents needed to be copied and that the Army should
waive the fees involved because the information is in the public
interest.

We have carefully reviewed his initial FOIA request and have
responded in a manner that complies with all FOIA laws and
regulations. As indicated above, Mr. Nelson requested specific
information that is not available in any currently existing Government
system of records. Under FOIA, the Government is not required to
create new records or compilations of information to satisfy a
request. In order to provide Mr. Nelson with the information that is
responsive to his request, ISEC would have to reproduce a considerable

number of test reports that have been completed over the years and
provide those records to Mr. Nelson so that he could ascertain the
pertinent information. Mr. Nelson is incorrect in his belief that
this information is contained in test agreements.

Mr. Nelson is also incorrect in his belief that there is no need
to contact the companies involved. The tests performed may have
involved proprietary information that is the exclusive property of
these companies. If so, this information is explicitly protected from
unauthorized disclosure to third parties pursuant to the terms of the
test agreement between the Government and the particular company.
Furthermore, FOIA Exemption Number 4, protects "trade secrets and
commercial or financial information obtained from a person [that is]
privileged or confidential." Thus, prior to providing the test
reports mentioned above, the Government is required to provide those
companies the opportunity to review the test reports to determine if
any of the information is proprietary and to notify the Government if
they do not want it released. There are about 30 companies involved
in the testing for the time period identified by Mr. Nelson. All of
them would have to be notified and given an opportunity to respond.
We would then have to review their responses and take appropriate
action.

Mr. Nelson's statement that there is no need to duplicate a 600
page report is again, incorrect. As discussed above, the only way for
Mr. Nelson to obtain the requested information is for ISEC-TIC to
provide all the reports, some of which may be up to 600 pages, so that
Mr. Nelson can review them to ascertain the information he desires.

Regarding the fee waiver, Mr. Nelson's letter provides no support
for his position that this information is in the public interest.
Furthermore, Mr. Nelson has not followed the procedures required under
FOIA. He has not notified AMC of his disagreement with the
information previously provided and did not seek review by the
Independent Denial Authority or any other agency representative.

I trust this information will be of assistance in responding to your
constituent.

Very respectfully,

Edward C. Thomas
Deputy to the
    Commanding General

# EXHIBIT 3

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

September 12, 2007

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russel Hall
Fort Monmouth, NJ 07703

        FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request access to, and copies of, the following information:

Invoices issued by the government to all (approximately 30) non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $100. Please notify me prior to your incurring any expenses in excess of that amount. I request a waiver of the fees for this request because disclosure of the requested information to me is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the Army.

I am making this request as an individual seeking information for personal use and not for commercial use.

If this is not the correct FOI agency to process this request, please forward it to the appropriate agency.

If you wish to contact me to discuss this request, my telephone number is 847-851-8900. I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,


Neal Nelson
222 N. River Street
East Dundee, IL 60118
847-851-8900

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

September 12, 2007

Honorable J. Dennis Hastert
Member of Congress
27 North River Street
Batavia, Illinois 60510

Dear Representative Hastert,

It has come to my attention that the Army's Technology Integration Center (TIC) at Fort Huachuca, Arizona has been using Army resources to provide computer and network testing services on a fee basis to private industry.

I would like to learn more about this activity and have enclosed an FOI request concerning this topic.

Can you assist me in obtaining the requested information and learning more about this commercial testing activity that is being performed with government resources?

Thank You,

Neal Nelson



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
288 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

October 1, 2007

IMNE-MON-HRR

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in response to your FOIA request number 2007360 of September 12, 2007, received via Rep. Hastert's office. You requested "invoices issued by the government to all (approximately 30) non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Ft. Huachuca, AZ between 01 January 2001 and the present."

Pursuant to the FOIA law (5 U.S.C. 522 et.seq.) and applicable regulations, the Government is required to provide federal agency records contained in a Government system of records, unless there is a relevant exception. Under FOIA, the Government is not required to create new records or compilations of information to satisfy a FOIA request.

We have carefully reviewed this request, and reviewed relevant systems of records for any responsive records. There are no records responsive to this request. Testing done by the TIC is done based on testing work plans created by the TIC for each test procedure. Companies that have testing done by the TIC pay an estimated amount based on the information developed in the testing work plan. Once the testing is complete, companies are refunded unused funds. No invoices are created.

However, in order to comply with the FOIA's mandate for public disclosure, if the information that you are interested in consists of the names of the companies and the amounts of money they have spent on testing, we can compile that information from available data. It will take approximate 2 hours for professional level personnel to search and compile the information, which at standard rates would cost $44 per hour. We would then be required to send each company a pre-disclosure notification to give them the opportunity to request that their information not be disclosed. This would take approximately 8 hours for clerical personnel at $20 per hour. Analysis and review of the pre-disclosure notifications and responses would take approximately 8 hours for professional personnel at $44 per hour. The total estimated fee to process this request is therefore $600.

You have also indicated that you are not a commercial requester, and you have requested a fee waiver. However, you have not provided any support for why you should not be considered a commercial requester, or for a fee waiver. Pursuant to

statute, you must provide sufficient relevant information to show that you are not a commercial requester, and, in order to receive a fee waiver, a requester must demonstrate that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." (5 U.S.C. § 552(a)(4)(A)(iii)(2000 & Supp. IV 2004). In order for us to properly assess your request, please provide sufficient information so that we can determine if you are not a commercial requester, and if your fee waiver request meets the statutory requirements.

Please reply to the undersigned as to whether the information indicated above would be responsive to your request, whether you are willing to pay the above mentioned fee, or to provide further information as requested above regarding your fee waiver request.

Sincerely,

Ellen Edwards

Ellen Edwards
FOIA OFFICER
(732) 532-1769



**DEPARTMENT OF THE ARMY**
HEADQUARTERS. U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

OCT 4 2007

Office of the Deputy Chief of Staff
For Operations and Plans

United States Congressman J. Dennis Hastert
14ᵗʰ District of Illinois
27 North River Street
Batavia, Illinois 60510

Dear Congressman Hastert:

This is in response to your letter dated September 17, 2007,
regarding a second request from Mr. Neal Nelson seeking information
about the U.S. Army Information Systems Engineering Command's (ISEC)
Technology Integration Center (TIC) located at Fort Huachuca, AZ. In
the Freedom of Information Act (FOIA) request he attached, Mr. Nelson
requested invoices from all the non-government organizations that have
paid to use the testing facilities at the TIC from 1 January 2001 to
the present. Ms. Ellen Edwards, FOIA Officer at Fort Monmouth,
responded to Mr. Nelson's FOIA request (Enclosure 1) and explained
that while no invoices were used, the names of the companies and the
amounts of money they spent on testing can be forwarded to him
provided he follows the proper procedures as outlined in her letter.

I trust this information will be of assistance in responding to
your constituent.

Very respectfully,

Dennis L. Via
Major General, U.S. Army
Commanding

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

October 5, 2007

Ms. Ellen Edwards
FOIA Officer
Department of the Army
Headquarters, Fort Monmouth
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request 2007360

Dear Ms. Edwards:

Thank you for your prompt attention to my FOIA request. In response
to your letter dated October 1, 2007, paragraph 4, you are correct,
the information that I desire would consist of the names of the
companies and the amounts of money that were spent on testing.

I have reviewed the Army FOIA policy document and do not find any
requirement for the pre-disclosure that you mention. I have reviewed
Executive Order 12600 "Predisclosure notification procedures for
confidential commercial information" and note that in Sec. 2. "For
purposes of this Order, the following definitions apply: (a)
'Confidential commercial information' means records provided to the
government ...". Since the information that I am requesting was not
provided to the government by any of the vendors that used the TIC
testing facilities, I do not believe that there is any requirement
for pre-disclosure to, or approval by, those vendors.

In the absence of the pre-disclosure activities it appears that the
estimated fee to provide the requested information would be $ 88.00.

I do believe that disclosure of this information is in the public
interest, but I am unsure what form or level of documentation would
be considered adequate to establish that point. For this request, I
agree to the characterization "commercial requester".

I am willing to pay the $ 88.00 required to compile the information.

Sincerely,

Neal Nelson



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
285 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

October 26, 2007

IMNE-MON-HRR

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in reply to your FOIA request number 2007360 and our response dated October 5, 2007.

We have carefully reviewed your letter and have determined that the information we indicated that could be provided, that is, the names of the companies that have had testing done at the Technology Integration Center and the total amount each company has spent on testing, is fully responsive to your request.

It is our determination that the pre-disclosure notification is required since the information that the Government would be providing has been negotiated with the companies and its release could cause them competitive harm, and as such the information may be eligible for protection under one of the FOIA exemptions.

As outlined in our previous letter, the cost for us to compile and process this information is estimated to be $600. Since you have agreed that you are a commercial requester, should you desire to receive the information described above, please reply to the undersigned as to whether you are willing to pay the fee to process your request.

As a releasing agency only, this Command may not deny your request, but must instead refer it to the Initial Denial Authority (IDA), if you request such referral in writing. Please advise this office in writing no later than November 5, 2007 if you desire to take the steps necessary to initiate the formal denial process. This response should not be construed as a denial of any portion of your request. When responding please refer to FOIA No. 2007360.

Sincerely,

*Ellen Edwards*

Ellen Edwards
FOIA OFFICER
(732) 532-1769

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

November 4, 2007

Ms. Ellen Edwards
FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request 2007360

Dear Ms. Edwards

I received your October 26, 2007 letter on November 1, 2007 and, in accordance with your request, I am attempting to respond by November 5, 2007.

I concur that the names, approximate dates of testing and dollar amounts paid by the companies that have had testing performed by the Technology Integration Center would be fully responsive to my FOIA request number 2007360.

Your letter dated October 1, 2007 stated that it would require two hours of professional level personnel at $ 44.00 per hour to collect this information. In my letter dated October 5, 2007 I agreed to pay the $ 88.00 required to compile this information.

Both of your letters refer to additional steps and charges for pre-disclosure notification. I cannot find, nor have you provided me with, any FOIA, Army or DoD regulation that requires such notification. Please provide me with a specific reference to such a regulation. You have also suggested that the requested information may be subject to an exemption to FOIA release. I have reviewed the list of FOIA exemptions and I do not see any that cover the names, dates and dollar amounts of commercial firms that pay to use government test facilities. If you feel an exemption applies to my request, please provide me with a reference to the specific exemption that you have in mind.

As I stated in my October 5th letter, I am willing to pay the costs of collecting the requested information. I am not, however, willing to pay for additional activities that are not required by law or regulation.

If the Army chooses to not release the requested information, of if the Army insists on performing costly and time consuming tasks that are not required by law or regulation before it will release the requested information, I will certainly want to take the necessary steps to initiate the formal denial process.

Sincerely,

Neal Nelson





**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY  07703-5101

November 7, 2007

IMNE-MON-HRR

Mr. Neal Nelson
222 North River Street
East Dundee, I L 60118-1332

Dear Mr. Nelson:

This is in reply to your FOIA request number 2007360 and your letter dated November 4, 2007.

Your request is subject to policies and regulations such as Executive Order 12600 which requires providing a pre-disclosure notification when information may be subject to FOIA Exemption 4.

As a releasing agency only, this Command may not deny your request, but must instead refer it to the Initial Denial Authority (IDA), if you request such referral in writing. Please advise this office in writing no later than December 7, 2007 if you desire to take the steps necessary to initiate the formal denial process. This response should not be construed as a denial of any portion of your request. When responding please refer to FOIA No. 2007360.

Sincerely,

*Ellen Edwards*

Ellen Edwards
FOIA OFFICER
(732) 532-1769

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

January 8, 2008

Ms. Ellen Edwards
FOIA Officer
Department of the Army
Headquarters, Fort Monmouth
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request 2007360

Dear Ms. Edwards:

This letter is being sent in response to your letter dated November 7, 2007. I contacted your office in November and December of 2007 and I was told that all FOIA related matters had been placed on hold until January of 2008. Based on this information I waited until this time to send this response.

Regarding my request for the company names, approximate dates and dollar amounts associated with testing services provided to the commercial sector by the Technology Integration Center at Fort Huachuca, your letter states in part "Executive Order 12600 which requires providing a pre-disclosure notification when the information may be subject to FOIA exemption 4".

FOIA exemption 4 covers "trade secrets and commercial or financial information obtained from a person and privileged or confidential". The dates and dollar amounts were established by the TIC and thus do not qualify for exemption 4 since these pieces of information were not obtained from the commercial firms. Company names are not trade secrets. The use of the TIC facilities is not a trade secret since the TIC does not provide services to any commercial firm for the purpose of provide it with a competitive advantage over any other firm. The information I have requested does not qualify for exemption 4.

If the Army denies my request based on a claim that this information is subject to exemption 4 I will want to formally appeal that denial.

As I have stated before, I am willing to pay the $ 88.00 that you quoted in an earlier letter to cover the costs of the effort required to compile the information that I have requested.

Sincerely,

Neal Nelson

TELEPHONE (847) 851-8900     FACSIMILE: (847) 851-8901     E-MAIL office@nna.com



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND.
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

1 6 MAY 2008

AMSEL-LG

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in response to your FOIA request of September 12, 2007, received via Rep. Hastert's office. You requested "invoices issued by the Government to all (approximately 30) non-Government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Ft. Huachuca, AZ between 01 January 2001 and the present."

By letter from Ellen Edwards dated October 1, 2007 you were informed that, while no records responsive to this request exist, the Government could compile the information that you seek. You were further informed that applicable laws and regulations require that we send a pre-disclosure notification to each of the approximately 30 companies to give them the opportunity to request that their information not be disclosed. Finally, you were informed that the cost of this process would be approximately $600.

By letter dated October 5, 2007, you confirmed that this compilation of information would indeed satisfy your request, however you disagreed with our determination that sending pre-disclosure notifications was necessary and therefore you disagreed with our $600 fee determination.

Several letters were then exchanged (by Ms. Edwards dated October 26, 2007, by you dated November 4, 2007, by Ms. Edwards dated November 7, 2007, and by you dated January 8, 2008) which maintained our position that pre-disclosures notifications are necessary, that the fee for responding to your request is $600, and that you request a formal denial based on this fee determination.

Executive Order 12600 requires that the Government notify the companies under these circumstances and offer them the opportunity to request that their information not be disclosed. Consequently, the Government is obligated to send pre-disclosure notifications.

Your request is denied based upon your unwillingness to pay the $600 fee.

You may appeal this denial to the Secretary of the Army. In the event you decide to appeal, your letter of appeal should be within 60 days of the date of this initial denial letter through U.S. Army Communications-Electronics Command, Attention: Mark A. Sagan, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to Secretary of the Army, Attention: General Counsel, Freedom of Information Act Appeal, Washington, D.C. 20310-0103. This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Sincerely,

Mark A. Sagan
Initial Denial Authority

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

May 29, 2008

Secretary of the Army
Attention: General Counsel
Freedom of Information Act Appeal
Washington, D.C. 20310-0103

Re: FOIA Request 2007360

To whom it may concern:

Please accept this letter as an appeal of an FOIA initial denial issued on 16 May 2008 by
Mark A. Sagan (signed by Patrick Terranova). The reason given for the denial was my
unwillingness to pay $ 600.00 in estimated costs requested by the Army. These estimated
costs covered two separate activities. Approximately $ 88.00 was the estimated cost to
collect information from Army files. The balance of approximately $ 512.00 covered costs to
contact various commercial organizations and notify them of possible release of confidential
information.

I have repeatedly agreed to pay the $ 88.00 to assemble the requested information. I have
repeatedly refused to pay the $ 512.00 for notification since the information I am requesting
does not include any confidential or trade secret data.

The requested information consists of the names of non-government commercial
organizations that have used testing facilities on a fee basis at Fort Huachuca's Technology
Integration Center plus the approximate dates when the tests were conducted and the
approximate fees paid by those firms to use the Army facilities.

In his denial letter Mr. Sagan suggests that the information I have requested is covered by
Executive Order 12600. Executive Order 12600 does require pre-release notification for
some "confidential commercial information". The order also provides a definition of the
"confidential commercial information" covered by the order. The definition is: '(a)
"Confidential commercial information" means records provided to the government by a
submitter that arguably contain material exempt from release under Exemption 4 of the
Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be
expected to cause substantial competitive harm.'

FOIA Exemption 4 states: "(4) trade secrets and commercial or financial information obtained
from a person and privileged or confidential;"

The DoD FOIA handbook restates Exemption 4 as: "(4)--trade secrets and commercial or financial information obtained from a private source which would cause substantial competitive harm to the source if disclosed;"

The information that I am requesting does not include any trade secret designs or formula. It does not include any confidential financial data or product specifications. Furthermore, it was not provided by any outside individual or organization. Government employees, as part of their normal activities, created the information that I am requesting. Since it was not provided to the Army by a private source, it is not, and cannot be, covered by Exemption 4 or Executive Order 12600.

Please instruct the appropriate individuals to promptly release this information. I will gladly pay the $ 88.00 fee that was specified in the Army's letter dated 1 October 2007.


Sincerely,


Neal Nelson





**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

February 9, 2009

Ms. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated May 29, 2008. Your appeal challenges the determination by the Office of the Command Counsel, Headquarters, U.S. Army Communications-Electronics Life Cycle Management Command (CECOM), the Initial Denial Authority (IDA), that Predisclosure Notifications (PDNs) are required before providing you with the information you requested: "invoices issued by the government to all (approximately 39) non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ, between 01 January 2001 and the present [September 12, 2007]."

We apologize for the delay in responding to this appeal. The Army is required to address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

In correspondence with Ms. Ellen Edwards, FOIA Officer, Headquarters, U.S. Army Garrison, Fort Monmouth, you indicated a willingness to pay only $88.00 of the total fee amount attributable to the compilation of elements of responsive information from available databases, but declined to pay the remaining $512.00 associated with providing PDNs to approximately 30 contractors of CECOM's intent to release their names as among those companies that paid to use TIC facilities, as well as the amounts each paid for such use. By letter of October 5, 2007, you stated your belief that PDNs to the affected contractors are not required because the information is not "confidential or trade secret information", and accordingly, the $512.00 fee was unnecessary.

The IDA agreed to provide you with the names of companies using the TIC and the costs associated with this use, subject to notifying the relevant submitters – in this case the companies using the TIC. CECOM advised that the information responsive to your FOIA request may be subject to withholding under provisions of FOIA Exemption 4, and this was subject to policies and regulations, such as Executive Order 12600, which require providing a PDN to the affected companies. Exemption 4 of the FOIA

provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is whether the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor,* 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. We agree with the IDA that, given the nature of the use of the TIC, the disclosure of which companies were using it and how much they paid could, in itself, cause those companies substantial competitive harm. The IDA has properly required PDNs be sent to the submitters before release of the requested information. Accordingly, your appeal is denied.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

# EXHIBIT 4

THE WHITE HOUSE

Office of the Press Secretary

---

For Immediate Release                                    January 21, 2009

January 21, 2009

MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

SUBJECT:          Freedom of Information Act

A democracy requires accountability, and accountability requires
transparency. As Justice Louis Brandeis wrote, "sunlight is said
to be the best of disinfectants." In our democracy, the Freedom
of Information Act (FOIA), which encourages accountability through
transparency, is the most prominent expression of a profound
national commitment to ensuring an open Government. At the
heart of that commitment is the idea that accountability is in
the interest of the Government and the citizenry alike.

The Freedom of Information Act should be administered with a
clear presumption: In the face of doubt, openness prevails.
The Government should not keep information confidential merely
because public officials might be embarrassed by disclosure,
because errors and failures might be revealed, or because
of speculative or abstract fears. Nondisclosure should never
be based on an effort to protect the personal interests of
Government officials at the expense of those they are supposed
to serve. In responding to requests under the FOIA, executive
branch agencies (agencies) should act promptly and in a spirit
of cooperation, recognizing that such agencies are servants of
the public.

All agencies should adopt a presumption in favor of disclosure,
in order to renew their commitment to the principles embodied
in FOIA, and to usher in a new era of open Government. The
presumption of disclosure should be applied to all decisions
involving FOIA.

The presumption of disclosure also means that agencies should
take affirmative steps to make information public. They should
not wait for specific requests from the public. All agencies
should use modern technology to inform citizens about what is
known and done by their Government. Disclosure should be timely.

I direct the Attorney General to issue new guidelines
governing the FOIA to the heads of executive departments and
agencies, reaffirming the commitment to accountability and
transparency, and to publish such guidelines in the *Federal
Register*. In doing so, the Attorney General should review FOIA
reports produced by the agencies under Executive Order 13392
of December 14, 2005. I also direct the Director of the Office
of Management and Budget to update guidance to the agencies to
increase and improve information dissemination to the public,
including through the use of new technologies, and to publish
such guidance in the *Federal Register*.

more

(OVER)

2

This memorandum does not create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

The Director of the Office of Management and Budget is hereby authorized and directed to publish this memorandum in the *Federal Register*.

BARACK OBAMA


# # #

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

January 22, 2009

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russel Hall
Fort Monmouth, NJ 07703

        FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request
access to, and copies of, the following information:

Information about non-government organizations that have paid to use the "commercial"
testing facilities at the U.S. Army Technology Integration Center (TIC), Fort
Huachuca, AZ between 01 January 2001 and the present.

Please provide: 1) the name of the non-government organization, 2) the amount of money
paid to the TIC by the non-government organization, and 3) the approximate dates that
the non-government organization used the TIC facilities.

I agree to pay reasonable duplication fees for the processing of this request in an
amount not to exceed $100. Please notify me prior to your incurring any expenses in
excess of that amount. I request a waiver of the fees for this request because
disclosure of the requested information to me is in the public interest and is likely
to contribute significantly to the public understanding of the operations or
activities of the Army.

I am making this request as an individual seeking information for personal use and not
for commercial use.

If this is not the correct FOI agency to process this request, please forward it to
the appropriate agency.

If you wish to contact me to discuss this request, my telephone number is 847-851-
8900. I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL 60118
847-851-8900

TELEPHONE (847) 851-8900          FACSIMILE: (847) 851-8901          E-MAIL office@nna.com

# NEAL NELSON & ASSOCIATES

**222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332**

January 22, 2007

Honorable Bill Foster
Member of Congress
27 North River Street
Batavia, Illinois 60510

Dear Representative Foster,

It has come to my attention that the Army's Technology Integration Center (TIC) at Fort Huachuca, Arizona has been using Army resources to provide computer and network testing services on a fee basis to private industry.

I am concerned that this activity might be using Army facilities to compete with U.S. private industry (such as the computer testing laboratory that I operate in East Dundee, Illinois).

I would like to learn more about this activity and have enclosed an FOI request concerning this topic.

Can you assist me in obtaining the requested information and learning more about this commercial testing activity that is being performed with government resources?

Thank You,

Neal Nelson



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

**FEB 5 2009**

Legal Office, HQ, US Army Information Systems Engineering Command

United States Congressman Bill Foster
14th District of Illinois
27 North River Street
Batavia, Illinois 60510

Dear Congressman Foster:

This is in response to your letter dated January 23, 2009, regarding a Freedom of Information Act (FOIA) request from Mr. Neal Nelson seeking information regarding the US Army Information Systems Engineering Command's (ISEC) Technology Integration Center (TIC) located at Ft. Huachuca, AZ. Mr. Nelson requested specific information about a program that permits testing to be done at the TIC for commercial entities, pursuant to 10 U.S.C. 2539b. Attached to Mr. Nelson's letter is a new FOIA request that has not yet arrived at our office for processing.

Once it has been received by our office, it will be processed according to required procedures. The request will be reviewed in a timely manner and a response will be forthcoming to Mr. Nelson. So you are aware, this is the third FOIA request Mr. Nelson has filed on this same matter.

In 2007, he filed a similar request. He was informed that in order to provide the information that he requested a pre-disclosure notification to the companies that had done testing at the TIC would be required, and that the total cost for that process would be $1296. Mr. Nelson chose to appeal that decision. The Initial Denial Authority concurred with that conclusion. Mr. Nelson then appealed to the Department of Army. That review is still pending.

To provide further background and information, attached are two responses to Congressman Hastert. One dated Jul 16, 2007 from Mr. Edward Thomas, Deputy to the Commanding General (MG Michael R. Mazzucchi) and the other dated Oct 04, 2007 from the current Commanding General, MG Dennis L. Via.

If there are any other questions regarding this matter, please contact us. Thank you very much.

Very respectfully,

Dennis L. Via
Major General, U.S. Army
Commanding

**BILL FOSTER**
14TH DISTRICT, ILLINOIS

**COMMITTEE**

FINANCIAL SERVICES

SUBCOMMITTEE ON
FINANCIAL INSTITUTIONS AND CONSUMER CREDIT

SUBCOMMITTEE ON
DOMESTIC AND INTERNATIONAL MONETARY
POLICY, TRADE AND TECHNOLOGY

2304 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-1314
(202) 225-2976

DISTRICT OFFICES
27 NORTH RIVER STREET
BATAVIA, IL 60510
(630) 406-1114

110 WEST FIRST STREET
DIXON, IL 61021
(815) 288-0680

137 SOUTH STATE STREET
SUITE 344
GENESEO, IL 61254
(309) 944-3658

## Congress of the United States
## House of Representatives
### Washington, DC 20515-1314

February 9, 2009

Mr. Neal Nelson
222 N River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

I have enclosed a response from the Department of the Army. I trust you will find this response helpful.

If you have any further questions or concerns regarding this matter, please contact Ruth Richardson in my Batavia office at 630-406-1114.

Sincerely,

Bill Foster

Bill Foster
MEMBER OF CONGRESS

BF/rr



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

February 9, 2009

IMNE-MON-HRR

Mr. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, I L 60118-1332

Dear Mr. Nelson:

I have received your Freedom of Information Act Request for information regarding the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ from January 1, 2001 to the present through Congressman Bill Foster's Office.

This is not a new FOIA request, rather it is a request for substantively the same information as you request in FOIA request number 2007360.

As you are aware, you disagreed with the Initial Denial Authority's determination that you should pay approximately $600 to receive this information, and made an appeal of that determination to Department of the Army FOIA. DA FOIA is currently reviewing your appeal; you will receive a determination directly from them.

Thank you.

Sincerely,

/s/

Ellen Edwards
FOIA OFFICER
(732) 532-1769

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

February 11, 2009

Ms. Ellen Edwards
FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request Dated January 22, 2009

Dear Ms. Edwards

I have forwarded a copy of your February 9, 2009 letter to Congressman Bill Foster's office.

I disagree with your assertion that this new FOIA request is substantially the same as the request from September 12, 2007 for the following reasons:

1) The new request covers a new time interval through January of 2009.

2) The Army characterized the September 12, 2007 request as a request for "company confidential/trade secret" information. The January 2009 request clearly does not request any confidential or trade secret information that was provided to the government by any company.

3) The January 2009 request was issued after President Obama issued his FOIA policy memorandum which states in part "All agencies should adopt a presumption in favor of disclosure, … The presumption of disclosure should be applied to all decisions involving FOIA. …The presumption of disclosure also means that agencies should take affirmative steps to make information public."
(http://www.whitehouse.gov/the_press_office/Freedom_of_Information_Act/)

In any case, the Freedom of Information Act does not prohibit requests for similar information at different points in time.

Please log the January 2009 request into the system and have it promptly processed in accordance with the statute and President Obama's FOIA policy memorandum.

Sincerely,

Neal Nelson

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

February 17, 2009

Dennis L. Via, Major General, U.S. Army
Headquarters, U.S. Army CECOM
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: FOIA Requests for Fort Huachuca, TIC

Dear General Via,

I recently received copies of your February 5, 2009 letter to Congressman Foster and the
Edward Thomas letter to Congressman Hastert dated July 16, 2007.

In your letter you suggested that I have made three requests for the same information. This
statement is not accurate. My original FOIA request asked for "copies of invoices" and
information about what tests were being discussed by Edward Thomas. In October of 2007, through correspondence with Ellen Edwards, I tried to
simplify the request, but the simplified request apparently never made it into the system since
the rejection of the final appeal, dated February 9, 2009, referred to "invoices issued". In any
case the FOIA request identified as 2007360 (that originally requested copies of invoices) is
now closed.

My new FOIA request asks for: 1) company names, 2) approximate dates of testing and 3) the
amount of money paid to the Army. This new request should not be controversial since any
U.S. citizen should be entitled to learn when companies are using government facilities for
private testing and how much money is being paid to the government for this use. My latest
request emphasizes that I am not asking for any trade secret or confidential information. Ms
Ellen Edwards has had my latest request in her possession since at least February 9, 2009.

I request that you instruct Ms. Edwards to provide this basic information within the twenty
working days specified by the Freedom of Information Act.

Sincerely,

Neal Nelson

cc: Congressman Bill Foster

TELEPHONE: (847) 851-8900          FACSIMILE: (847) 851 8901          E-MAIL: office@nna.com



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

March 19, 2009

IMNE-MON-HRR

SUBJECT: Freedom of Information Act (FOIA) Request No. 2009131/ January 22, 2009 for
TIC information at Fort Huachuca

Mr. Neal Nelson
Neal Nelson Assoc.
222 N. River St.
East Dundee, IL 60118

      This is in response to your Freedom of Information Act (FOIA) request number 2009131
of January 22, 2009, received via Rep. Foster's office, and your letter to MG Via dated February
17, 2009.

      You requested "[i]nformation about non-government organizations that have paid to use
the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort
Huachuca, AZ between 01 January 2001 and the present (January 22, 2009). Please provide: 1)
the name of the non-government organization, 2) the amount of money paid to the TIC by the
non-government organization, and 3) the approximate dates that the non-government
organization used the TIC facilities."

      By letter dated February 9, 2009, I informed you that this request was substantively the
same as your previous FOIA request number 2007360, in which you originally requested
"invoices issued by the government to all (approximately 30) non-government organizations that
have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration
Center (TIC), Ft. Huachuca, AZ between 01 January 2001 and the present (September 12,
2007)", but, by correspondence, you agreed to amend to "the names of the companies and the
amount of money they have spent on testing."

      By letter dated February 11, 2009, you disagreed that the requests were substantively
similar because "1) [t]he new request covers a new time interval through January of 2009. 2)
The Army characterized the September 12, 2007 request as a request for "company
confidential/trade secret" information. The January 2009 request clearly does not request any
confidential or trade secret information that was provided to the government by any company. 3)
The January 2009 request was issued after President Obama issued his FOIA policy
memorandum which states in part "All agencies should adopt a presumption in favor of
disclosure…""

      In so far as the January 22, 2009 request asks for information from January 1, 2001
through September 12, 2007, the requests are indeed substantively similar, as the language above
clearly illustrates. As such, this matter has been concluded by the Office of the General Counsel,
by letter to you dated February 9, 2009.

In so far as the January 22, 2009 request asks for information from September 13, 2007 through January 22, 2009, you are correct that this is a new request in that it covers a new time period. Since it asks for information of the same nature, however (i.e., the names of companies using the test facilities, the dates, and the amounts paid), the process to respond to your request is also the same. That is, in accordance with Executive Order 12600, a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the testing facility during this time period.

Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is that the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. Here, given the nature of the of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm.

The total estimated fee to respond to your request, including the PDNs, is $559. Please respond to the undersigned as to whether you are willing to pay this fee.

As a releasing agency only, this Command may not deny your request, but must instead refer it to the Initial Denial Authority (IDA), if you request such referral in writing. Please advise this office in writing no later than April 19, 2009 if you desire to take the steps necessary to initiate the formal denial process. This response should not be construed as a denial of any portion of your request. When responding please refer to FOIA No. 2009131.

Sincerely,

/s/

Ellen Edwards
FOIA Officer
(732)532-1769

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

April 2, 2009

Ms. Ellen Edwards
FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request 2009131

Dear Ms. Edwards

Thank you for your letter dated March 19, 2009. It appears that your letter includes two major messages: 1) an explanation of why the Army intends to withhold a portion of the information specified in my January 22, 2009 FOIA request, and 2) an explanation of why the Army intends to issue Pre-Disclosure Notifications, and then charge me for that activity.

On January 22, 2009 I requested: "Information about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (22 January 2009)."

Paragraphs 3 through 5 of your March 19, 2009 letter discuss a FOIA request that I made in September of 2007. After multiple delays and appeals the Army ultimately did not provide any of the information that I requested in September of 2007. Your text seems to suggest that, because of this prior request, the Army is now exempt from releasing information for the January 1, 2001 through September 12, 2007 time frame.

I have reviewed the exemptions listed in the Freedom of Information Act and I cannot find an exemption that allows withholding information based on any prior requests for the same or similar information. If you know of such an exemption, or if you know of case law that supports the Army's position in this area, please communicate that information to me. In the absence of such a justification I cannot accept the Army's claim of such an exemption.

Your sixth paragraph contains a significant mis-statement. You state "the January 22, 2009 request asks for information from September 13, 2007 through January 22, 2009". My January 22, 2009 request clearly states "between 01 January 2001 and the present (22 January 2009)." Please insure that all future communications, and the processing of my request, conform to the actual terms of my request.

Starting with the latter part of paragraph 6 you begin to discuss Predisclosure Notification. You state that "a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the facility during this time period." There are two errors in this statement. First, a Predisclosure Notification is not required because none of the information that I am requesting is trade secret or confidential information provided by any of the companies that used the TIC testing services. Second, based on statements in this letter, and statements in earlier letters that you have sent to me, the number of instances where

companies that have used the TIC's Commercial Lab is at least 43 and possibly more. I have requested information on all of those instances.

Paragraph 7 mentions Executive Order 12600. Section 2(a) of Executive Order 12600 defines the information covered by the Executive Order. It reads: ""Confidential commercial information" means records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be expected to cause substantial competitive harm."

The information I am requesting (a list of companies that have used the TIC's Commercial Lab with approximate dates and the dollar amounts paid by those companies) was not "provided to the government by a submitter". It is not covered by Executive Order 12600.

Your letter asserts that I am requesting company confidential information that could be subject to Exemption 4 of the Freedom of Information Act. This assertion is incorrect. You quote Exemption 4 as stating: "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential."

The Freedom of Information Act Guide (Guide) which is published by the Department of Justice explains what information should be covered by Exemption 4.

The Guide specifically comments on the phrase "commercial or financial information obtained from a person [which are] privileged or confidential". The Guide emphasizes that in order for information to qualify for exemption "the information must be commercial or financial, obtained from a person, and privileged or confidential." Note that the Guide specifies that the information must meet all three of these conditions to qualify.

The requested information was not provided to the government by any of the commercial firms. Thus, it is absolutely not covered by Exemption 4.

Your last sentence in paragraph 7 states: "Here, given the nature of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm." This is an assertion but it is not supported by any logic or facts. You did not even provide a hypothetical example of how a company could be harmed by disclosure. You did not establish that "disclosure of the information can reasonably be expected to cause substantial competitive harm."

Since the information that I am requesting was not provided to the government by a submitter, and it has not been established that its disclosure could reasonably be expected to cause substantial competitive harm, my request does not fall under either Executive Order 12600 or Exemption 4. Predisclosure Notification is neither required nor appropriate.

Since PDNs are not appropriate, your estimate of $559 is incorrect. Based on information in your October 1, 2007 letter it appears that three hours from professional level personnel at $44 per hour would complete the processing of my January 22, 2009 request.

I wish to re-state that this request is for my personal non-commercial use and that release of this information will contribute significantly to public understanding of the operations or activities of the government. Consequently, I request that the information be provided without charge or at a reduced fee.

Please issue a revised letter with the appropriate corrections.

Sincerely,


Neal Nelson


cc: Congressman Bill Foster
cc: Major General Dennis L. Via
cc: DOJ Office of Information Policy

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

April 2, 2009

Dennis L. Via, Major General, U.S. Army
Headquarters, U.S. Army CECOM
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: FOIA Request 2009131 regarding Fort Huachuca, TIC

Dear General Via,

On March 19, 2009 I received a letter from Ms. Ellen Edwards (copy attached). The letter deals with my January 22, 2009 FOIA request for information concerning activities at the Technology Integration Center (TIC), Fort Huachuca, Arizona. I have sent a reply to Ms. Edwards (copy attached) but her letter includes some issues that I believe require your attention.

Ms. Edward's letter states that release of the information that I specified in my January 22, 2009 FOIA request (copy attached) could result in "substantial competitive harm" to outside companies that have used the TIC's Commercial Lab. This statement is false.

The information is being requested to document violations of Army policy and violations of software license agreements by the TIC. I personally witnessed these violations while working at the TIC. My request for information will not result in any harm to any vendor, but could cause substantial difficulties for some Army staff, including Marc Rosen. I specifically mention Marc for the following reasons.

As I have reported the violations to progressively higher levels in the Army chain of command Marc has attempted to discredit my reports by providing false and mis-leading information to Army decision makers.

I can provide many examples of Marc's incorrect statements. One example can be found in paragraph 3 on page 15 of the Inspector General's report XC-05-0149 (copy attached). In reference to a software license agreement Marc testifies, "the signature appears to have been pasted in from another document". Marc's statement is both inappropriate and false. His statement is inappropriate because testimony about document authenticity is only allowable from an expert witness with established credentials in document authentication. Marc is not, and did not establish that he was, an expert in document authentication. A review of a copy of the license signature pages (attached) shows that Marc's comment was wrong. The pages have numerous handwritten comments from the signer, Arlie Barber. These handwritten comments all relate to the license agreement. For Marc's "pasted in" claim to be correct it would be necessary for all of these other words to have been "pasted in" as well. They obviously were not. The signature page was obviously not forged.

Marc's statement was false. However, Army decision makers accepted Marc's statement as true. This can be seen by reviewing a comment in the Discussion section at the bottom of page 15 in the same report. The report states "witnesses' statement revealed that a copy of a

license agreement NNA forwarded to the Inspector General on or about 2 December 2005 could not be authenticated ...".

As a lawyer Marc must have known that he should not offer expert testimony about document authenticity. Marc probably also knew that many of the other statements he made to the Army decision makers were false and/or misleading. Marc undoubtedly felt that these false statements would go un-challenged since he was familiar with the Army's investigation and review process (which excludes any direct participation by non-Army personnel). Marc probably also knows that if I am successful in obtaining information through the Freedom of Information Act I will prove that there were violations at the TIC and false statements by Marc.

I believe that Marc, and other managers at the TIC, have been providing false and misleading information in order to hide the improper activities at the TIC. I believe that these individuals, including Marc, are resisting the release of FOIA information because they are concerned about substantial harm to themselves or their careers.

Ms. Edwards March 19 letter suggested that I could appeal to the Initial Denial Authority (IDA). I believe that Marc Rosen has positioned himself to be the IDA for my request. Thus Marc Rosen would be the IDA for a FOIA request that could expose the mis-deeds of Marc Rosen. I doubt if IDA Marc Rosen would find in favor of such an appeal.

Someone other than Marc Rosen should be appointed as IDA for any FOIA requests relating to possible wrongdoing in the TIC.

There are three other individuals that I feel would be in-appropriate appointments as IDA. The first is Janet Baker. Janet is a lawyer that works with Marc in the Fort Huachuca ISEC legal office. I was told that Janet divorced her husband so that she and Marc could live together. I would not expect Janet to be impartial on any request that might expose wrongdoing by Marc.

I think that you should also avoid appointing Patrick Terranova or Victor Ferlise. Both of them have maintained unwavering support for the positions promoted by Marc. Also, I have reason to believe that someone made editing changes to report XC-05-0149, where the report's original findings (that the TIC had violated policies and license terms) were reversed. Patrick and Victor may have facilitated those changes and thus they might also feel that they have something to hide.

I suggest that you consider Mrs. Raywood from the CECOM Inspector General's office for appointment as the IDA. She has the requisite legal background and she spent almost a year becoming familiar with the TIC's Commercial Lab activities. She is not in the direct TIC/ISEC chain of command and I know of no reason why she would want to hide any TIC mis-deeds. Thank you in advance for your attention to this matter.

Sincerely,


Neal Nelson

cc: Congressman Bill Foster
cc: DOJ Office of Information Policy

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332


April 2, 2009


Office of Information Policy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, DC 20530-0001


Re: FOIA Request 2009131 regarding Army, Fort Huachuca, TIC

To Whom It May Concern,

For several years the Army's Technology Integration Center (TIC) at Fort Huachuca, AZ has been using government facilities to provide computer and network testing services, for a fee, to non-government organizations.

According to Army Policy 73-1, the TIC is only allowed to perform these types of tests if the TIC's activities do not compete with U.S. firms that perform computer and network testing.

My company offers computer and network testing services.

For several years I have been pursuing FOIA requests for some basic information about the TIC's commercial testing activities (names of companies, amounts that they paid and approximate dates when tests were conducted).

The TIC has withheld the information by claiming that the information is confidential and thus requires Predisclosure Notification and approval from the commercial firms. Since the information I am requesting was not provided by any of the commercial firms it cannot be the confidential information of any of those firms. I feel that the Army's claim is a ruse to prevent or delay the release of the information.

I am continuing to correspond with the Army regarding my FOIA request but I would like to send copies of the correspondence to your office so that you are aware of this situation.

Thank you in advance for your consideration of this matter.

Sincerely,


Neal Nelson

cc: Congressman Bill Foster


TELEPHONE: (847) 851-8900          FACSIMILE: (847) 851 8901          E-MAIL: office@nna.com

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

April 7, 2009

Dennis L. Via, Major General, U.S. Army
Headquarters, U.S. Army CECOM
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: FOIA Request 2009131 regarding Fort Huachuca, TIC

Dear General Via,

After I sent my April 2, 2009 letter to you, I realized that you might not know the background on the TIC's violations of Army policy, license agreements and federal law. I will try to provide some of that background in this letter.

Over a period of 18 years I provided consulting services to the Army at Fort Huachuca, AZ. During this time period the Army chose to license some computer software that had been written by my firm. One of these software products was a Remote Terminal Emulator (RTE) software package. In the 1997 time frame the TIC paid me to expand their RTE license from its original single machine license to a 1,000 user site license.

In the 2004 time frame I learned that the TIC was using my RTE software at user levels that far exceeded the 1,000 user license level which had been paid for by the Army. I also learned that the TIC was opening a "Commercial Lab" where they would use government resources, and my software, to provide RTE testing services for a fee to non-government organizations. Since my company had been providing RTE based testing services to non-government organizations for several years, this meant that the Army would be using government facilities, and copies of my software, to compete against me in the commercial market.

I had private meetings and ultimately hand delivered a letter to the TIC director, Dan Bradford, where I objected to the TIC's plans for the Commercial Lab. Almost immediately after I lodged my objections, the TIC terminated my working relationship with the Army. Following these events there was substantial investigation and correspondence regarding license terms and Army policy. This investigation revealed clearly that Army policy did not authorize use of government facilities to compete with private industry and that the software license was limited to 1,000 emulated users.

Over the past five years I have continued to object, at higher and higher levels in the Army chain of command, to the TIC's Commercial Lab activities. Over the past five years TIC officials have continued the Commercial Lab testing and justified their activities through a series of false statements and cover-ups. The following is a list of TIC mis-deeds related to this topic:

TELEPHONE: (847) 851-8900          FACSIMILE: (847) 851 8901          E-MAIL: office@nna.com

1) The TIC uses government resources to provide computer and network testing for a fee to non-government organizations in competition with private industry (violation of Army Policy 73-1).

2) The TIC uses Neal Nelson software to run RTE tests with at least 3,600 emulated users (a violation of the TIC's 1,000 user software license limit).

3) The TIC removes the Neal Nelson copyright statements from a series of RTE scripts that were provided by Neal to the TIC. The TIC then distributes copies of the scripts, without any copyright statements, to non-government organizations (violation of section 2(d) in the RTE software license agreement and copyright law).

4) Over a period of many years the TIC releases test data collected with the Neal Nelson RTE software to outside companies without first requesting and receiving agreement from Neal Nelson (violation of section 2(e) of the RTE software license agreement).

5) The TIC uses the Neal Nelson RTE software to compete against Neal Nelson in providing laboratory testing services to non-government organizations (violation of section 2(e) of the RTE software license agreement).

6) The TIC uses the Neal Nelson RTE software to conduct computer and network tests for non-government organizations (violation of section 2(f) of the RTE software license agreement).

7) The TIC representatives provide false and mis-leading testimony during the Inspector General's investigation (part of a cover-up of TIC violations).

8) I have reason to believe that the original findings in the Inspector General's report stated that the TIC was violating both Army Policy and the 1,000 limit on the RTE software license, and that the report was modified prior to final release to reverse these findings (part of a cover-up of TIC violations).

9) The TIC improperly claims, in objecting to the release of information under the Freedom of Information Act, that a list of companies that have used the TIC Commercial Lab is company "confidential" information (part of a cover-up of TIC violations and a violation of the Freedom of Information Act).

Documents exist that prove each and every one of the points listed above. I have already obtained copies of most of these documents. I am continuing my efforts to obtain copies of the remaining few to complete the package. TIC representatives may make unsubstantiated claims that they have done nothing wrong. I have documents that prove they violated Army policy, license agreements and federal law with their various acts.

You will undoubtedly be given one or more briefings on this topic. It is probable that the briefings will be conducted and attended exclusively by Army personnel. This virtually guarantees that you will be presented with only one side of the story. There will be no one in the room to challenge any false or misleading statements that may be made by someone that wishes to defend or cover-up TIC violations.

I believe in following the organization chart and thus I have methodically repeated my reports of violations to successively higher levels in the Army chain of command. I will continue this process until I find someone that is interested in learning the truth and making a judgment based on facts (supported by documentary evidence) rather than accepting unsupported testimony from individuals that may have committed the violations or may have participated in a cover-up.

Thank you in advance for your attention to this matter.

Sincerely,


Neal Nelson

cc: Congressman Bill Foster

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

April 7, 2009

Ms. Ruth Richardson
14th Congressional District, Illinois
27 North River Street
Batavia, IL 60510

Dear Ms. Richardson,

Enclosed you will find a copy of yet another letter that I have sent to the Army about the Commercial Lab testing activities at Fort Huachuca, Arizona.

This letter provides General Via with a summary of the improper and illegal acts that have been performed by his subordinates.

I am sending you a copy of this correspondence so that you are aware of my continuing efforts to encourage the Army to deal with these mis-deeds.

Sincerely,

Neal Nelson

TELEPHONE: (847) 851-8900          FACSIMILE: (847) 851 8901          E-MAIL: office@nna.com

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

April 13, 2009

Colonel John Cox, Commander
U.S. Army, ISEC
2133 Cushing Street
Building 61801, Suite 3316
Fort Huachuca, AZ 85613

Dear Colonel Cox,

For over 18 years I provided various technical support services to the Army at the Technology
Integration Center (TIC) and its predecessor organizations. In the summer of 2004 I became
aware of some violations of Army policies and software license terms by some of the TIC staff
members. When I reported these violations to TIC management my working relationship with
the Army was terminated.

I have continued to report the violations at successively higher levels in the Army chain of
command.

Enclosed you will find a copy of a letter that I am sending to the CECOM Inspector General.
Starting with this letter I will begin to send you copies of correspondence concerning the TIC's
violations.

Sincerely,

Neal Nelson



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

AMSEL-LG                                    April 14, 2009

Mr. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

    My name is Mark Sagan and I am the Chief Counsel at CECOM. MG Dennis Via asked me to respond on his behalf to your letter dated April 2, 2009. I am the Initial Denial Authority (IDA) for FOIA actions at CECOM, not Marc Rosen. Please note that Ms. Ellen Edwards, in her letter dated March 19, 2009, informed you that you must notify her in writing, no later than April 19, 2009, if you wish to initiate the formal denial process. Although you responded to Ms. Edwards by letter dated April 2, 2009, you did not indicate that you wanted to commence the formal denial process. If you wish to do so, you must respond in a timely manner to Ms. Edwards.

                                    Sincerely,

                                      Mark A. Sagan
                                      Chief Counsel



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

REPLY TO
ATTENTION OF

April 27, 2009

IMNE-MON-HRR

SUBJECT: Freedom of Information Act (FOIA) Request No. 2009131/January 22, 2009 for TIC Information at Fort Huachuca

Mr. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This letter is in response to your correspondence to me dated April 2, 2009. I have carefully reviewed the response outlined in your letter. You seem to misunderstand my position regarding your Freedom of Information (FOIA) request dated January 22, 2009, and your procedural rights regarding this request. In an attempt to further clarify, I provide the following information.

For that part of your request that relates to information dating between January 1, 2001 and September 12, 2007, your request is substantively similar to your request of September 12, 2007 (FOIA No. 2007-360) and you have exhausted all administrative remedies since you have already received a formal denial from the Initial Denial Authority (IDA) and received a formal denial from the Office of the General Counsel (OGC). Contrary to your statements, we are not denying this part of your request (FOIA No. 2009-131) based on your previously submitted request (FOIA No. 2007-360). Your request has been denied because it is the same as your previous request and has already been adjudicated.

As outlined in the OGC letter to you, dated February 9, 2009, this correspondence "constitutes final action". Your next remedy is to "seek judicial review of [their] determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B). *This matter has been resolved and is closed as far as this command and the OGC are concerned. In the event that you disagree with these conclusions, your remedy is to initiate judicial proceedings.*

For that part of your request that relates to information dating between September 13, 2007 and January 22, 2009, I have already informed you that a Predisclosure Notification is required. In the event that you continue to disagree with our determination, the proper procedure is to request a formal IDA denial. As you failed to submit your request to this office by April 19, 2009, your remedy has expired. However, since you apparently misunderstood the IDA denial procedures, I am extending the date for you to request the initiation of the formal denial process to May 4, 2009.

Please address any further correspondence to my office. Thank you for your attention in this matter.

Sincerely,

/s/

Ellen Edwards
FOIA Officer
(732)532-1769

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

May 1, 2009

Ms. Ellen Edwards, FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, NJ 07703-5101

Re: FOIA Request 2009131

Dear Ms. Edwards

This is an appeal under the Freedom of Information Act (FOIA).

On January 22, 2009 I requested: "Information about non-government organizations that
have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration
Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (22 January
2009)." I understand that the Army assigned my request the identifying number 2009131.

There have been several letters sent regarding this request including: 1) A letter from you
dated February 9, 2009, 2) A response from me dated February 11, 2009, 3) A letter from
you dated March 19, 2009, 3) A response from me dated April 2, 2009, and 3) A letter from
you dated April 27, 2009. I am sending this as a response to your April 27 letter.

It seems to me that the Army's communications regarding the FOIA request 2009131 have
had the following three primary messages: 1) The Army does not intend to provide a portion
of the information that I requested, 2) The Army intends to perform "predisclosure
notifications" before providing whatever information the Army does intend to provide, and 3)
The Army intends to charge me for the predisclosure notification processing activities.

Regarding the withholding of information, the Army cites a prior FOIA request from my firm
as a reason for withholding part of the information included in my current request. This
earlier request was amended and appealed over a period of almost two years. It appears to
me that there was substantial confusion on the part of some Army representatives about the
wording of the original versus the amended request. The Army ultimately did not release any
information in response to this earlier request.

I have reviewed the exemptions listed in the Freedom of Information Act and I could not find
an exemption that allows for the withholding information based on any prior requests for the
same or similar information. I pointed this out in my April 2 letter and I asked that the Army
provide some explanation or justification for its position. I have not received any. Since the
Army has not provided any legal justification for withholding a portion of the requested
information I feel the Army should revise its position on this topic.

The sixth paragraph of the March 19 letter contains a significant mis-statement. It states "the
January 22, 2009 request asks for information from September 13, 2007 through January 22,
2009". My January 22, 2009 request clearly states "between 01 January 2001 and the
present (22 January 2009)." The Army should not unilaterally change the terms or wording

of my request. Please process my request based on the wording that I specified in my request, i.e. "between 01 January 2001 and the present (22 January 2009)".

Regarding the predisclosure notification, paragraph 6 of the March 19 letter states that "a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the facility during this time period." There are two errors in this statement. First, a predisclosure notification is not required because none of the information that I am requesting is trade secret or confidential information provided by any of the companies that used the TIC testing services. Second, based on Army documents, the number of instances where companies that have used the TIC's Commercial Lab since 2001 is at least 43 and possibly more than 43. I have requested information on all of those instances.

Paragraph 7 of the March 19 letter mentions Executive Order 12600. Section 2(a) of Executive Order 12600 defines the information covered by the Executive Order. It reads: ""Confidential commercial information" means records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be expected to cause substantial competitive harm."

The information I am requesting (a list of companies that have used the TIC's Commercial Lab with approximate dates and the dollar amounts paid by those companies) was not "provided to the government by a submitter". It is not covered by Executive Order 12600.

The March 19 letter asserts that I am requesting company confidential information that could be subject to Exemption 4 of the Freedom of Information Act. This assertion is incorrect. Exemption 4 is quoted as stating: "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential."

The Freedom of Information Act Guide which is published by the Department of Justice explains what information should be covered by Exemption 4.

The Guide specifically comments on the phrase "commercial or financial information obtained from a person [which are] privileged or confidential". The Guide emphasizes that in order for information to qualify for exemption "the information must be commercial or financial, obtained from a person, and privileged or confidential." Note that the Guide specifies that the information must meet all three of these conditions to qualify.

The requested information was not provided to the government by any of the commercial firms. Thus, it is absolutely not covered by Exemption 4.

The last sentence in paragraph 7 of the March 19 letter states: "Here, given the nature of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm." This is an assertion but it is not supported by any logic or facts. There is not even a hypothetical example of how a company could be harmed by disclosure. The Army did not establish that "disclosure of the information can reasonably be expected to cause substantial competitive harm."

Since the information that I am requesting was not provided to the government by a

submitter, and it has not been established that its disclosure could reasonably be expected to cause substantial competitive harm, my request does not fall under either Executive Order 12600 or Exemption 4. Predisclosure notification is neither required nor appropriate.

Finally, since predisclosure notifications are not appropriate, the estimated cost of $559 for processing my request is incorrect. The effort required to collect the requested data and the single page required to transmit the forty plus lines of information will almost certainly fall within the two hour and 100 page criteria specified in the FOIA section 552(a)(4)(A)(iv) which states that no fee may be charged. Please provide the information without charge in accordance with the FOIA.

In conclusion I would like to point out that in January of 2009 I made a request for information contained in government records. My request was in an acceptable form and was submitted through proper channels. I did not request an excessive amount of information nor did I request any trade secret or confidential information. The Freedom of Information Act mandates that a proper request of this type should have been processed within 20 working days of the January submission date.

I feel that the Army's failure to meet required deadlines, the Army's attempt to unilaterally modify the time period covered by my request, the Army's incorrect characterization of my request as a request trade secret or confidential information requiring predisclosure notification and the Army's proposal to charge my for the predisclosure notification processing constitute arbitrary and capricious attempts to avoid or delay the release of the requested information.

I appeal the decision to withhold that portion of the information that I requested for the time period January 1, 2001 through September 12, 2007. The Army did not provide any legal justification for withholding this information. Please provide all of the information covered by my original request.

I appeal the decision that predisclosure notification possessing is required for my request. My request does not include any trade secret or confidential information that was provided to the Army by a vendor and thus predisclosure notification is neither required nor appropriate. Please provide the requested information without predisclosure notification processing.

I appeal the decision to charge $599 to process my request. The information I requested will fit on one page and should not require more than two hours to process. The requested information should thus be provided at no cost under the FOIA.

In the event that this appeal is denied, the Army is required to provide a written response describing the reasons for the denial and the names and titles of each person responsible for the denial. I await your reply within the twenty working days specified by the FOIA. I can be contacted at (847) 851-8900 to discuss these issues.

Sincerely,


Neal Nelson



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

Office of the Chief Counsel

**JUN 1 2 2009**

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in response to your Freedom of Information Act (FOIA) request number 2009-131 of January 22, 2009, received via Representative Foster's office. You specifically requested, "[i]nformation about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (January 22, 2009)." You also asked that we "provide: 1) the name of the non-government organization, 2) the amount of money paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities."

Your communication with Ms. Edwards and her responses to you have been previously considered in letters by Ms. Edwards dated February 9, 2009, by you dated February 11, 2009, by Ms. Edwards dated March 19, 2009, by you dated April 2, 2009, by Ms. Edwards dated April 27, 2009, and by you dated May 1, 2009.

a. In so far as your request asks for information from January 1, 2001 through September 12, 2007, your request is substantively similar to your request of September 12, 2007 (FOIA No. 2007-360) and you have exhausted all administrative remedies, since you have already received a formal denial from the Initial Denial Authority (IDA) and received a denial of your appeal to the Office of the General Counsel (OGC) by letter dated February 9, 2009.

b. In so far as your request asks for information from September 13, 2007 through January 22, 2009, a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the testing facility during this time period.

Regarding your request for information from January 1, 2001 through September 12, 2007, your remedy is to seek judicial review of the OGC's determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Regarding your request for information from September 13, 2007 through January 22, 2009, Executive Order 12,600 requires that the government notify the contractors under these circumstances and offer them the opportunity to request that their information not be disclosed.

-2-

Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is that the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. Here, given the nature of the of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm.

The total estimated fee to respond to your request, including the PDNs, is $559. Your request is denied based upon your unwillingness to pay the $559 fee.

You may appeal this denial to the Secretary of the Army. In the event you decide to appeal, your letter of appeal should be within 60 days of the date of this initial denial letter through U.S. Army Communications-Electronics Command Life Cycle Management Command, Attention: Vincent H. Buonocore, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, 3C546, Washington, D.C. 20310-0104. This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Sincerely,

Vincent Buonocore

Vincent H. Buonocore
Initial Denial Authority

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

June 22, 2009

Mr. Marc A. Sagan
Chief Counsel, AMSEL-LG
Headquarters, U.S. Army CECOM
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: June 12, 2009 Letter from Vincent H. Buonocore

Dear Mr. Sagen,

On April 2, 2009 I sent a letter to General Via expressing my concern about the possibility that
the Initial Denial Authority (IDA) for my January 22, 2009 FOIA request would be Marc Rosen
or one of his friends (copy attached).

On April 12, 2009 you sent me a letter stating that you were the Initial Denial Authority for my
January 22, 2009 FOIA request (copy attached).

Last week I received a letter dated June 12, 2009 from a Vincent H. Buonocore wherein he
states that he is the Initial Denial Authority for my January 22, 2009 FOIA request (copy
attached). Mr. Buonocore's denial letter does not address any of the substantive issues that I
raised in my May 1, 2009 letter to Ellen Edwards (copy attached). Mr. Buonocore merely re-
states, in summarized fashion, the comments that Marc Rosen provided to Ms. Edwards for her
March 19, 2009 letter.

Why did you present yourself as the IDA if Mr. Bionocore is the IDA? Or, why did Mr.
Buonocore send me this denial letter if you are the IDA? What is the value of Mr. Buonocore's
summarized transcription of the various unsupported and incorrect statements from the March
19, 2009 letter?

Sincerely,

Neal Nelson

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

June 22, 2009

Secretary of the Army
Attention: Office of the General Counsel
104 Army Pentagon, 3C546
Washington, D.C. 20310-0104

Re: Appeal of Initial Denial, FOIA Request 2009-131

This is an appeal under the Freedom of Information Act (FOIA).

On January 22, 2009 I requested "information about non-government organizations that have
paid to use the "commercial" testing facilities at the U.S. Army Technology Integration
Center, Fort Huachuca, AZ between 01 January 2001 and the present (January 22, 2009)."
(a copy of the FOIA request is attached.)

In a response by Ms. Ellen Edwards dated March 19, 2009 the Army stated that it did not
need to release part of this information because of a previous FOIA request, and then asked
me to pay $ 559 for pre-disclosure notification processing of confidential or trade secret
information.  The FOIA does not allow the government to reject or amend a request simply
because there is an overlap with a prior request.   None of the information that I have
requested meets the definition of confidential or trade secret information.  Pre-disclosure
processing is neither required nor appropriate.  Pre-disclosure processing should not be
performed and I should not asked to pay for the pre-disclosure notification.

On May 1, 2009 I sent a letter to Ms. Edwards pointing out these issues (copy attached).
On June 12, 2009 Vincent Buonocore, as Initial Denial Authority, sent me a formal denial of
my request (copy attached).

I appeal the formal denial by Mr. Buonocore for the reasons that are detailed in my May 1,
2009 letter (summarized above).

In the event that this appeal is denied, the Army is required to provide a written response
describing the reasons for the denial and the names and titles of each person responsible for
the denial.  I await your reply within the twenty working days specified by the FOIA.  I can be
contacted at (847) 851-8900 to discuss these issues.

Sincerely,


Neal Nelson

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

June 24, 2009

Ms. Ruth Richardson
14th Congressional District, Illinois
27 North River Street
Batavia, IL 60510

Dear Ms. Richardson,

Enclosed you will find a copy of yet another letter that I have sent to the Army about the Commercial Lab testing activities at Fort Huachuca, Arizona.

I am sending you a copy of this correspondence so that you are aware of my continuing efforts to encourage the Army to deal with these mis-deeds.

Sincerely,

Neal Nelson

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

July 20, 2009

Mr. Vincent H. Buonocore
Initial Denial Authority
U.S. Army Communications-Electronics Command
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5010

Re: January 22, 2009 TIC FOIA Request, 2009-131

Dear Mr. Buonocore,

On June 22, 2009 I sent you an appeal for the initial denial of my January 22, 2009 Freedom of Information Act request.

Please confirm that your have received the appeal by providing me with the date of receipt and any tracking number that may have been assigned to it.

Also, please inform me if there are any unusual circumstances that might delay the processing of this appeal.

Thank you in advance for your attention to this matter.

Sincerely,

Neal Nelson

cc: Congressman Bill Foster

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

July 20, 2009

Ms. Ruth Richardson
14th Congressional District, Illinois
27 North River Street
Batavia, IL 60510

Dear Ms. Richardson,

Enclosed you will find a copy of yet another letter that I have sent to the Army about the
Commercial Lab testing activities at Fort Huachuca, Arizona.

I am sending you a copy of this correspondence so that you are aware of my continuing efforts
to encourage the Army to deal with these mis-deeds.

Sincerely,

Neal Nelson



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

Staff Judge Advocate Division                                        July 22, 2009

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

Mr. Vincent H. Buonocore asked me to write to you in reply to your letter dated June 22, 2009.

When Mr. Mark Sagan wrote to you on April 12, 2009 that he was the Initial Denial Authority for your Freedom of Information Act (FOIA) request, this information was accurate. Since then, Mr. Buonocore has been named to this position. As such, Mr. Buonocore acted as the Initial Denial Authority on your FOIA request.

Mr. Buonocore's statements regarding the substance of your FOIA request are his final determination, based on all of the information regarding this request, including your correspondence.

In the event you disagree with Mr. Buonocore's determination, your remedy is to appeal his decision in accordance with the appeal procedure presented in his letter to you. For your information, the procedure is as follows:

You may appeal this denial to the Secretary of the Army. In the event you decide to appeal, your letter of appeal should be within 60 days of the date of th[e] initial denial letter [dated June 12, 2009] through HQ, U.S. Army CECOM Life Cycle Management Command, Attention: Vincent H. Buonocore, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, 3C546, Washington, D.C. 20310-0104. This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Sincerely,

Caryn L.M. Hargraye
Freedom of Information Act Attorney





**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

Staff Judge Advocate Division                                    July 27, 2009

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

Mr. Vincent H. Buonocore asked me to write to you in reply to your letter dated July 20, 2009.

In my letter to you dated 22 July, 2009, I explained that when Mr. Mark Sagan wrote to you on April 12, 2009, he was the Initial Denial Authority for your Freedom of Information Act (FOIA) request, and as of that date this information was accurate. Since then, Mr. Buonocore has been named to this position. As such, Mr. Buonocore acted as the Initial Denial Authority on your FOIA request.

I also explained that Mr. Buonocore's statements regarding the substance of your FOIA request are his final determination, based on all of the information regarding this request, including your correspondence.

I am concerned that in your July 20, 2009 letter to Mr. Buonocore, you refer to your June 22, 2009 letter to him as an "appeal". As has been explained in Mr. Buonocore's letter to you dated June 12, 2009 and my letter to you dated July 22, 2009, in the event you disagree with Mr. Buonocore's determination, your remedy is to appeal his decision in accordance with the appeal procedure presented in those letters to you. For your information, the procedure is as follows:

You may appeal this denial to the Secretary of the Army. In the event you decide to appeal, your letter of appeal should be within 60 days of the date of th[e] initial denial letter [dated June 12, 2009] through HQ, U.S. Army CECOM Life Cycle Management Command, Attention: Vincent H. Buonocore, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, 3C546, Washington, D.C. 20310-0104. This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Please understand that no further action will take place regarding your FOIA request unless you submit a letter of appeal by August 12, 2009, through Mr. Buonocore and to the Office of the General Counsel, as explained above.

Sincerely,

Caryn L.M. Hargrave
Freedom of Information Act Attorney

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

July 28, 2009

Ms. Caryn L.M. Hargrave
Freedom of Information Act Attorney
U.S. Army Communications-Electronics Command
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: January 22, 2009 TIC FOIA Request, 2009-131

Dear Ms. Hargrave,

I have received your letter dated July 22, 2009, which states that it was written as a response to my June 22, 2009 letter. Your letter further states that I have the option of appealing the finding of the Initial Denial Authority.

I sent two letters on June 22, 2009 one was addressed and mailed to Marc Sagan and the other was addressed to the Secretary of the Army and mailed to Vincent Buonocore.

The letter that was addressed to the Secretary of the Army and sent to Mr. Buonocore was an appeal of the finding of the Initial Denial Authority.

This can be seen in first paragraph, which states, "This is an appeal under the Freedom of Information Act (FOIA)." and also in fifth paragraph which states in part "I appeal the formal denial by Mr. Buonocore ...".

My appeal letter was addressed and mailed in accordance with the identical instructions provided by both Mr. Buonocore and yourself.

Please provide me with the date that the June 22, 2009 appeal letter was received by Mr. Buonocore and any tracking number that may have been assigned to it.

Also, please inform me if there are any unusual circumstances that might delay the processing of this appeal.

Thank you in advance for your attention to this matter.

Sincerely,


Neal Nelson

cc: Congressman Bill Foster

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL 60118-1332

July 31, 2009

Ms. Caryn L.M. Hargrave
Freedom of Information Act Attorney
U.S. Army Communications-Electronics Command
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: January 22, 2009 TIC FOIA Request, 2009-131

Dear Ms. Hargrave,

I have received your letter dated July 27, 2009, which states that it was written as a response to my July 20, 2009 letter. Your letter re-states that I have the option of appealing the finding of the Initial Denial Authority.

On June 22, 2009 I sent two letters. One was addressed to Marc Sagan and the other was addressed to the Secretary of the Army and sent to Mr. Buonocore. This second letter was an appeal of the finding of the Initial Denial Authority.

This second letter is clearly an appeal since the first paragraph states, "This is an appeal under the Freedom of Information Act (FOIA)." and the fifth paragraph states in part "I appeal the formal denial by Mr. Buonocore ...".

My appeal letter was addressed and mailed in accordance with the identical instructions provided by both Mr. Buonocore and yourself.

Does your statement that I have the right to appeal suggest that the Army received the letter to Mr. Sagan but did not receive the appeal letter that was addressed to the Secretary of the Army and sent to Mr. Buonocore?

If the Army did receive the appeal letter, provide me with the date that the letter was received by Mr. Buonocore and any tracking number that may have been assigned to it.

Also, please inform me if there are any unusual circumstances that might delay the processing of this appeal.

Thank you in advance for your attention to this matter.

Sincerely,


Neal Nelson

**From:** "Hargrave, Caryn L MAJ RES USAR AMC" <Caryn.Hargrave@us.army.mil>
**To:** office@nna.com
**Date:** 04 Aug 2009, 01:35:29 PM
**Subject:** Freedom of Information Act Request 2009-131

---

HTML content follows

Freedom of Information Act Request 2009-131

Mr. Nelson -

I have just received correspondence from you dated July 28, 2009 and July 31, 2009.

You are correct that I received one letter dated June 22, 2009 addressed to Mr. Sagan, and that Mr. Buonocore did not receive your letter of appeal, also dated June 22, 2009, addressed to the Secretary of the Army, Attention: Office of the General Counsel (OGC).

Although I received a copy of the June 22, 2009 letter of appeal as an attachment to your July 31, 2009 letter, please re-send to me the attachments referenced in the letter of appeal, as well as any additional correspondence sent to Mr. Buonocore on June 22, 2009, if any. If you could scan and email to me, this would assure accurate and timely receipt.

Upon receipt of the attachments and/or correspondence, I will forward your letter of appeal to the OGC so that they may begin the appeal process.

Correspondence with our office will continue to reference our FOIA number 2009-131, although once I forward your appeal to the OGC they will not use this tracking number.

Caryn L.M. Hargrave, Esq.
Office of the Chief Counsel
Staff Judge Advocate Division
Communication-Electronics Command
Fort Monmouth NJ 07703
Tel. (732) 397-1960
caryn.hargrave@conus.army.mil

>
> From: Neal Nelson [mailto:neal@nna.com]
> Sent: Thu 8/6/2009 3:46 PM
> To: Hargrave, Caryn L MAJ RES USAR AMC
> Subject: Re: Freedom of Information Act Request 2009-131
>
>
> Hi,
>
> Attached are .doc format copies of my 3 letters (Jan/22,
> May/1, June/22).
>
> I presume that you have copies of the Army letters.
>
> Neal
>

**From:** Neal Nelson [mailto:neal@nna.com]
**Sent:** Mon 8/10/2009 8:14 AM
**To:** Hargrave, Caryn L MAJ RES USAR AMC
**Subject:** Re: Freedom of Information Act Request 2009-131


I believe the FOIA specifies that appeals
will be processed within 20 working days.
What date will apply as the start of this
period? June 22 or August 6?

Thanks,

Neal

-----------------------------------------

**From:** "Hargrave, Caryn L MAJ RES USAR AMC" <Caryn.Hargrave@us.army.mil>
**To:** "Neal Nelson" <neal@nna.com>
**Date:** 10 Aug 2009, 02:50:11 PM
**Subject:** RE: Freedom of Information Act Request 2009-131

HTML content follows

Re: Freedom of Information Act Request 2009-131

Neal - The 20 days processing time actually applies to the response time to the initial request; there is no statutory time line for a response in the appeal process. I don't know how busy OGC is so I can't speculate as to how long it may take, but once you get an acknowledgement letter from them you should have a point of contact to inquire. I have a few questions for them before I send out your appeal, I expect it to go out tomorrow. Thanks

-----Original Message-----
From: Neal Nelson [mailto:neal@nna.com]
Sent: Tuesday, August 11, 2009 12:38 PM
To: Hargrave, Caryn L MAJ RES USAR AMC
Subject: Re: Freedom of Information Act Request 2009-131

Hi Caryn,

My copy of the FOIA says: 552 (a)(6)(A)(ii) "make a determination with
respect to any appeal within twenty days (excepting Saturdays, Sundays,
and legal public holidays) after the receipt of such appeal."

What date do you want to agree on as the date the Army received the
appeal?

Neal

---------------------------------------------------------------

**From:** "Hargrave, Caryn L MAJ RES USAR AMC" <Caryn.Hargrave@us.army.mil>
**To:** "Neal Nelson" <neal@nna.com>
**Date:** 13 Aug 2009, 11:19:11 AM
**Subject:** RE: Freedom of Information Act Request 2009-131

Neal - Your reference seems to be correct, but since I don't work in appeals I couldn't swear to that. As I said, once you receive acknowledgment from the appeals office (OGC) you can ask them.

As far as our date of receipt, I received it on August 4, 2009 as an attachment to your July 31, 2009 letter, so August 4 is our date of receipt. Thanks



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

March 1, 2010

Ms. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated June 22, 2009, and supplemented on July 31, 2009. On January 22, 2009 you requested "information about non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present. Specifically, you requested: 1) the name of the non-government organization, 2) the amount of money paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities.

We apologize for the delay in responding to this appeal. The Army is required to address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

The U.S. Army Communications-Electronics Life Cycle Management Command (CECOM), the Initial Denial Authority (IDA), responded that processing your request would require pre-disclosure notification to those non-government organizations that have paid to use the TIC. CECOM indicated that the pre-disclosure notifications would cost $559, which must be paid prior to preparing the pre-disclosure notifications. You have appealed the necessity of the pre-disclosure notifications.

Like our earlier request for this information, which you appealed to this office on May 29, 2008, CECOM advised that the information responsive to your FOIA request may be subject to withholding under provisions of FOIA Exemption 4, and this was subject to policies and regulations, such as Executive Order 12600, which require providing a pre-disclosure notification to the affected companies. Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a pre-disclosure notification is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is whether the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA*

*DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a pre-disclosure notification can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. We agree with CECOM that, given the nature of the use of the TIC, the disclosure of which companies were using it and how much they paid could, in itself, cause those companies substantial competitive harm. CECOM has properly required pre-disclosure notifications be sent to the submitters before release of the requested information. Accordingly, your appeal is denied.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

2

# EXHIBIT 5

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

February 12, 2008

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russell Hall
Fort Monmouth, NJ 07703

        FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request access to, and copies of, the following information:

Photocopies of selected pages from the first draft of the report as prepared by Mrs. Raywood for the Department of the Army, Office of the Inspector General, CECOM Headquarters, Fort Monmouth, New Jersey, Report on Case Number XC-05-0149. The requested pages include "Section 2, titled Issue 1, subsection b, titled Discussion" and "Section 2, titled Issue 1, subsection c, titled Conclusion." These two sections appear on page 8 in the final version of the report.

Photocopies of selected pages from the first draft of the report as prepared by Mrs. Raywood for the Department of the Army, Office of the Inspector General, CECOM Headquarters, Fort Monmouth, New Jersey, Report on Case Number XC-05-0149. The requested pages include "Section 3, titled Issue 2, subsection b, titled Discussion" and "Section 3, titled Issue 2, subsection c, titled Conclusion." These two sections appear on pages 15 and 16 in the final version of the report.

Please note that I am requesting copies of these paragraphs from the original draft as prepared by Mrs. Raywood before other individuals made changes to the document.

Also note that in response to a prior FOIA request the Army has already released a copy of the final version of this report (letter attached). At the time of the prior request the Army determined that the report was not compiled for law enforcement purposes and that its release did not constitute an unwarranted invasion of privacy of any individual mentioned therein or the individuals that supervised and conducted the investigation.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $100. Please notify me prior to your incurring any expenses in excess of that amount. I request a waiver of the fees for this request because disclosure of the requested information is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the Army.

I am making this request as an individual seeking information for personal use and not for commercial use. If this is not the correct FOI agency to process this request, please forward it to the appropriate agency. If you wish to contact me to discuss this request, my telephone number is 847-851-8900.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL 60118
847-851-8900

TELEPHONE (847) 851-8900            FACSIMILE: (847) 851-8901            E-MAIL office@nna.com





**DEPARTMENT OF THE ARMY**
OFFICE OF THE INSPECTOR GENERAL
1700 ARMY PENTAGON
WASHINGTON DC 20310-1700

MAR 7 2008



REPLY TO
ATTENTION OF

Records Release Office

Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This is in response to your Freedom of Information Act (FOIA) request dated February 12, 2008, addressed to the US Army Garrison, Fort Monmouth. On March 6, 2008 that office referred your request to this office for action. You are requesting "photocopies of selected pages from the first draft of Case Number XC 05-0149". Army IG records are exempt from the mandatory disclosure provisions of the Privacy Act of 1974, Title 5 United States Code (U.S.C.) Section 552a(k)(2). Therefore, your request has been processed under the provisions of the FOIA, Title 5 U.S.C Section 552.

The draft report pertaining to your request is being denied in its entirety under exemption (b)(5). Exemption (b)(5) protects against premature disclosure of proposed policies before they are finally adopted and to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately grounds for an agency's action.

If you decide to appeal, please address your appeal through this office (ATTN: SAIG-ZXR), The Inspector General, 2511 Jefferson Davis Highway, Arlington, Virginia 22202-3912, to the Office of the General Counsel, Department of the Army. That office has the appellate authority for Army Inspector General FOIA determination. In any such appeal, you should also provide a copy of this letter, along with sufficient justification upon which the Office of the General Counsel for your information.

There are no fees assessable for processing your FOIA request. If you have any questions concerning this response, please call Ms. Walls or me at (703) 601-1093. Please refer to Case Number 08-272 when you call our office.

Sincerely,

Margaret B. Baines
Deputy Legal Advisor

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

March 16, 2008

Office of the General Counsel
Department of the Army
c/o SAIG-ZXR
The Inspector General
2511 Jefferson Davis Highway
Arlington, Virginia 22202-3912

Re: Case Number 08-272

To Whom it May Concern:

On February 12, 2008, in accordance with the Freedom of Information Act, I submitted a request for copies of selected pages from an Army document. On March 7, 2008 the Army responded by denying my request (copies attached). Please accept this letter as my appeal of the denial.

In her denial of my request Ms. Baines cited two issues.

First, Ms. Baines stated that "Army IG records are exempt from the mandatory disclosure provisions of the Privacy Act of 1974, Title 5 United States Code (U.S.C.) Section 552a(k)(2)." I believe that this statement is overly broad. The heading for Section 552a is "Records maintained on individuals". Section 552a Paragraph (a)(4) states in part "the term "record" means any item, collection, or grouping of information about an individual ...". Section 552a(k) states in part "The head of any agency may promulgate rules ... to exempt any system of records within the agency ... if the system of records is— ... (2) investigatory material compiled for law enforcement purposes ...". The report that is the subject of my FOIA request is not a collection or grouping of information about an individual and it was not compiled for law enforcement purposes.

Mrs. Raywood compiled the subject report in response to a request that General Michael Mazzucchi made to Mr. Archie Ackley. General Mazzucchi's request is mentioned in the last paragraph of a letter that he sent to me on September 7, 2005. General Mazzucchi was responding to a letter that I sent to him on August 1, 2005 (copies attached). The subjects covered in these letters, and Mrs. Raywood's report, were: 1) was the Technology Integration Center (TIC) at Fort Huachuca using a software product, that was owned by my firm, in an unauthorized fashion, and 2) was the TIC

using Army facilities to improperly compete with U.S. private industry. Since the report in question is not a "collection or grouping of information about an individual" and it was not "compiled for law enforcement purposes" I submit that Section 552a(k)(2) does not apply to the subject report.

Second, Ms. Baines stated that "The draft report pertaining to your request is being denied in its entirety under exemption (b)(5). Exemption (b)(5) protects against premature disclosure of proposed policies before they are finally adopted and to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately grounds for an agency's action".

Ms. Baines is not precise in her reference. It seems unlikely that she was referring to paragraph (b)(5) of the previously mentioned Section 552a since it specifically authorizes the release of information for statistical purposes. Ms. Baines may be referring to Title 5, Part I, Chapter 5, Subchapter II, Section 552 "Public information; agency rules, opinions, orders, records and proceedings", Paragraph (b) "This section does not apply to matters that are –" (5) "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

I submit that this paragraph does not apply to the requested document for two reasons. First, the requested report is in no way related to any agency's deliberations about current or future "rules, opinions, orders, records and proceedings" and second, since the document is not exempt under 552a(k)(2) it is "available by law". Thus 552(b)(5) does not provide a justification for withholding the document.

Since neither reason cited by Ms. Baines justifies the denial of my FOIA request, I respectfully request that you reverse Ms. Baines decision and order the release of the requested information.

Sincerely,

Neal Nelson





**DEPARTMENT OF THE ARMY**
OFFICE OF THE INSPECTOR GENERAL
1700 ARMY PENTAGON
WASHINGTON DC 20310-1700





REPLY TO
ATTENTION OF

Records Release Office

Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This acknowledges receipt of your appeal dated February 12, 2008, to our response to your Freedom of Information Act request dated March 7, 2008.

In accordance with the Department of the Army Freedom of Information (FOIA) Program, Army Regulation 25-55, your appeal and a copy of our file 04-521 are being forwarded to Department of the Army, Office of General Counsel, Room 3C546, Pentagon, Washington, DC 20310-0104. That office has appellate authority for appeals of initial Army Inspector General FOIA determinations and will respond directly to you. A copy of my referral letter is enclosed for your information.

If you have any questions regarding this action, please contact the Office of the General Counsel.

Sincerely,

Margaret B. Baines
Deputy Legal Advisor



**DEPARTMENT OF THE ARMY**
OFFICE OF THE INSPECTOR GENERAL
1700 ARMY PENTAGON
WASHINGTON DC 20310-1700



REPLY TO
ATTENTION OF

SAIG-ZXR

MAR 2 5 2013

MEMORANDUM FOR OFFICE OF GENERAL COUNSEL, ATTN: Mr. Davin Blackborow, 104 Army Pentagon, Room 3C546, Washington, DC 20310-0104

SUBJECT: Freedom of Information Act Appeal - Neal Nelson & Associates

1. Attached is the appeal from Neal Nelson

    a. TAB 1: Mr. Nelson's appeal letter dated 16 March 08, received in SAIG-ZXR on 21 Mar 08.

    b. Tab 2: Copy of Original Request dated 12 Feb 08

    c. Tab 3: Copy of SAIG-ZXR's response dated 7 Mar 08

2. Please provide this office (SAIG-ZXR) a copy of your response to Mr. Nelson.

Enclosures

MARGARET B. BAINES
Deputy Legal Advisor



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

December 8, 2008

Mr. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This letter responds to your Freedom of Information Act (FOIA) appeal dated March 16, 2008. The Office of the Inspector General, the Initial Denial Authority (IDA), denied your request for "photocopies of selected pages from the first draft of Case Number XC 05-0149."

We apologize for the delay in responding to your appeal. The Army is required to address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

The IDA initially denied your request under Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). However, further review has indicated that denial under Exemption 5 was inadvertent, and that the appropriate response should have been a "no records" finding. The IDA queried the CECOM-IG regarding your case and, in a response dated March 10, 2008, the CECOM-IG indicated that there was no draft report that existed at the time the FOIA request was received. Furthermore, even if such a draft had existed, it would have been properly denied under Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). Accordingly, your appeal is denied. We will address both the "no records" finding and the Exemption 5 withholding in turn.

The CECOM-IG's search revealed no record existed at the time of your request. In order to sustain a "no records" finding, an agency must show that it made a good faith effort to conduct a search for the requested records, using methods which reasonably could be expected to produce the information requested. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). A search is not presumed unreasonable simply because it fails to produce all relevant material. *See Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

In this case, a thorough search was conducted of the records maintained by the CECOM-IG. The CECOM-IG routinely destroys draft reports upon the completing a final report. We believe the search methods were appropriate and could reasonably be

expected to produce the requested records. Upon review, we have determined that the IDA properly determined that there were no records responsive to your request.

Furthermore, had a draft document of the type you requested existed, it would have been properly denied under Exemption 5 of the FOIA. Exemption 5 protects from disclosure "intra-agency and inter-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

Had the document existed, it could have been withheld by the IDA under the "deliberative process privilege." There are three purposes that constitute the bases for this privilege: 1) to encourage frank and open discussions on matters of agency policy; 2) to protect against premature disclosure of proposed policies before they are adopted; and 3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact the grounds for an agency's actions. A District of Columbia Circuit Court decision explains when deliberative process information should be withheld. The material must be both pre-decisional and deliberative. *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

"Pre-decisional information" includes intra-agency or inter-agency communications between subordinates and superiors that are antecedent to the adoption of agency policy. *Jordan v. Dep't of Justice*, 591 F.2d 753 (D.C. Cir. 1978). Courts have established a low threshold for agencies in the determination of whether a document is pre-decisional. The agency must merely state what deliberative process is involved and the role played by the documents in that process. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). "Deliberative information" consists of recommendations or expressions of opinions on legal or policy matters. *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). If the document you requested had existed, it would have been both pre-decisional and deliberative in nature because it was supposedly a first draft of an inspector general report which was subsequently changed prior to the creation of a final version.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

# EXHIBIT 6

January 13, 2012

FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request access to, and copies of, the following information:

Information about funds collected from non-government organizations that used the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and 31 December 2011.

Please provide: 1) each date when any funds were received, 2) the amount of money received by date, 3) the date when any portion of those funds were disbursed, 4) the amount of money disbursed by date, 5) the person or organization to whom the funds were disbursed, and 6) details for justification, purpose, use and/or reason for the disbursement.

The following examples are intended to clarify the meaning of "details for justification, purpose, use and/or reason".

1. If the disbursement was to purchase equipment, provide the brand, model, configured capacity, intended use and expected lifetime.
2. If the disbursement was for professional services or labor, provide the names of the individuals that provided the labor or services, descriptions of the services provided, the start and end dates of the assignment and the total hours worked.
3. If the disbursement was for building/facility modifications or construction, identify the building/facility modified, provide a description of the project, describe the purpose/use of the modification and estimate useful life of the modification.
4. If the disbursement was for a license, identify the brand and type of license obtained, the term of the license, the capacity of the license (by machine, port, user count, seat, etc.).
5. If the disbursement was for operating supplies, identify the type of supplies obtained by brand and model, the quantity obtained, the supplies function or use and the estimated time to use/consume the supplies.
6. For other types of disbursements you may contact the requester to discuss the appropriate level of detail for disclosure.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $100. Please notify me prior to your incurring any expenses in excess of that amount. I request a waiver of the fees for this request because disclosure of the requested information to me is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the Army.

I am making this request as an individual seeking information for personal use and not for commercial use. If this is not the correct FOI agency to process this request, please forward it to the appropriate agency. If you wish to contact me to discuss this request, my telephone number is 847-851-8900. I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL  60118
847-851-8900

Subject: Freedom of Information Request FP-12-010680 (UNCLASSIFIED)

From: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

To: Neal Nelson <neal@nna.com>

Cc: "Rosen, Marc J CIV (US)" <marc.j.rosen.civ@mail.mil>, "Talbotbedard, Margaret M CIV (US)"
<margaret.m.talbotbedard.civ@mail.mil>, "Barber, Arlie J CIV (US)" <arlie.j.barber.civ@mail.mil>, "Quinn, Connie
R CIV (US)" <connie.r.quinn.civ@mail.mil>

Wed, 25 Jan 2012 17:43:56 +0000

Classification: UNCLASSIFIED
Caveats: NONE

Mr. Nelson:

Attached please find the initial response letter to your Freedom of
Information Act request dated 13 January 2012. We have set a response date
for 23 February 2012, and you should receive a response by that date.

If you have any questions, or if I can be of any help, please don't hesitate
to contact me as shown below.

Thank you.


CONNIE R. QUINN
Information Management Specialist
Operational Support Team
ACC-APG-Huachuca Division
2133 Cushing Street, Building 61801
Fort Huachuca, AZ 85613-7070
Phone: 520-538-9278 - DSN 879-9278
Email: connie.r.quinn.civ@mail.mil

NOTE: I will be out of the office February 3 and 17.



Classification: UNCLASSIFIED
Caveats: NONE





**DEPARTMENT OF THE ARMY**
U.S. ARMY CONTRACTING COMMAND
ABERDEEN PROVING GROUND
6001 COMBAT DRIVE
ABERDEEN PROVING GROUND, MARYLAND 21005-1846

REPLY TO
ATTENTION OF

25 January 2012

Neal Nelson
222 North River Street
East Dundee, IL 60118

RE: Freedom of Information Request – Funds collected from non-government organizations that used the "commercial" testing facilities at the US Army Technology Integration Center

Dear Mr. Nelson:

1. The Army Contracting Command – Aberdeen Proving Ground (ACC-APG) Huachuca Division is in receipt of your letter dated 13 January 2012 regarding the information stipulated in the subject line above. Your request for:

   • Each date when any funds were received, the amount of money received by date, the date when any portion of those funds were disburse, the amount of money disbursed by date, the person or organization to whom the funds were disbursed, and details for justification, purpose, use and/or reason for the disbursement from non-government organizations that used the "commercial" testing facilities at the US Army Technology Integration Center

Is received as a valid FOIA request and is currently beginning the FOIA process. As noted in your letter, if processing fees are anticipated to exceed $100.00, you will be notified prior to the undertaking of any action on this FOIA request.

2. This FOIA request has been registered in the National Case Tracking database and has been assigned the Control # **FP-12-010680. Please ensure the Control number appears on every piece of correspondence regarding this request.**

3. Should any questions or concerns arise, feel free to contact me for assistance via email at: connie.r.quinn.civ@mail.mil or by telephone at 520-538-9278.

Respectfully,

Connie R. Quinn
FOIA Coordinator, ACC-APG Huachuca Division
2133 Cushing St, Bldg. 61801, Greely Hall, Room 2634
Fort Huachuca, AZ 85613-7070

Subject: Freedom of Information Request FP-12-010680 (UNCLASSIFIED)

From: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

To: Neal Nelson <neal@nna.com>

Cc: "Rosen, Marc J CIV (US)" <marc.j.rosen.civ@mail.mil>, "Talbotbedard, Margaret M CIV (US)"
<margaret.m.talbotbedard.civ@mail.mil>, "Barber, Arlie J CIV (US)" <arlie.j.barber.civ@mail.mil>, "Ledesma, Jesus
S CIV (US)" <jesus.s.ledesma.civ@mail.mil>

Thu, 23 Feb 2012 14:48:52 +0000

Classification: UNCLASSIFIED
Caveats: NONE

Mr. Nelson:

Attached please find an extension to the response date for your Freedom of
Information Act request dated 13 January 2012. The extension is to 23 March
2012, and you should receive a response by that date.

If you have any questions, or if I can be of any help, please don't hesitate
to contact me as shown below.

Thank you.


CONNIE R. QUINN
Information Management Specialist
Operational Support Team
ACC-APG-Huachuca Division
2133 Cushing Street, Building 61801
Fort Huachuca, AZ 85613-7070
Phone: 520-538-9278 - DSN 879-9278
Email: connie.r.quinn.civ@mail.mil


Classification: UNCLASSIFIED
Caveats: NONE


● Extension Letter 23 Feb 12.docx Microsoft Word document - 102 KB
● smime.p7s Downloadable File - 8 KB





**DEPARTMENT OF THE ARMY**
U.S. ARMY CONTRACTING COMMAND
ABERDEEN PROVING GROUND
2133 CUSHING ST., BLDG 61801
FORT HUACHUCA, AZ 85613

REPLY TO
ATTENTION OF

23 February 2012

Neal Nelson
222 North River Street
East Dundee, IL 60118

RE: Freedom of Information Request FP-12-010680

Mr. Nelson:

The response date for this Freedom of Information (FOIA) request had been set for today. Your request is being researched; however, additional time is required to compile the information you requested. The response date has been extended to 23 March 2012.

As noted on the original response letter, if processing fees are anticipated to exceed $100.00, you will be notified.

Please refer to Control Number FP-12-010680 in any correspondence regarding this request.

Thank you.

QUINN.CONNIE.R.1155460985

Connie R. Quinn
FOIA Coordinator, ACC-APG Huachuca Division
2133 Cushing St. Bldg. 61801, Greely Hall, Room 2634
Fort Huachuca, AZ 85613-7070

Subject: Estimated Fees for Freedom of Information Request FP-12-010680 (UNCLASSIFIED)

From: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

To: 'Neal Nelson' <neal@nna.com>

Cc: "Rosen, Marc J CIV (US)" <marc.j.rosen.civ@mail.mil>, "Talbotbedard, Margaret M CIV USARMY CECOM (US)" <margaret.m.talbotbedard.civ@mail.mil>, "Barber, Arlie J CIV (US)" <arlie.j.barber.civ@mail.mil>, "Ledesma, Jesus S CIV (US)" <jesus.s.ledesma.civ@mail.mil>, "Franks, Gwendolyn T CIV USARMY CECOM (US)" <gwendolyn.t.franks.civ@mail.mil>, "Lebano, Tito N CIV (US)" <tito.n.lebano.civ@mail.mil>, "Russell, Loretta J CIV (US)" <loretta.j.russell2.civ@mail.mil>, "Kingery, Amber L CIV (US)" <amber.l.kingery.civ@mail.mil>, "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

Tue, 24 Apr 2012 19:59:28 +0000

Classification: UNCLASSIFIED
Caveats: NONE

Mr. Nelson:

Attached please find a letter detailing the estimated fees for Freedom of Information Request FP-12-010680.

If you have any questions, please let me know.

Thank you.


CONNIE R. QUINN
Information Management Specialist
Operational Support Team
ACC/APG-Huachuca Division
2133 Cushing Street, Building 61801
Fort Huachuca, AZ 85613-7070
Phone: 520-538-9278 - DSN 879-9278
Email: connie.r.quinn.civ@mail.mil



**DEPARTMENT OF THE ARMY**
U.S. ARMY CONTRACTING COMMAND
ABERDEEN PROVING GROUND
2133 CUSHING ST., BLDG 61801
FORT HUACHUCA, AZ 85613

April 24, 2012

Neal Nelson
222 North River Street
East Dundee, IL 60118

Dear Mr. Nelson:

In your letter of January 13, 2011, received by this office on January 24, 2012, you requested information about funds collected from non-government organizations that used the "commercial" testing facilities at the US Army Technology Integration Center (TIC) at Fort Huachuca under the provisions of the Freedom of Information Act (FOIA).

The following estimate of assessable fees for search time, review time and copy charges for your FOIA request is provided in accordance with DoD Regulation 5400.7-R, AR 25-55, and 32 CFR Part 286:

| | |
|---|---|
| Copy Charges | $ 225.00 |
| Review Charges | $ 2,508.00 |
| Search Charges | $ 1,342.00 |
| Total Estimated Charges | $ 4,075.00 |

The total estimated fees far exceed the $100 fee authorization provided with your request, so we are holding your request in abeyance. If you desire us to take further action, you must indicate a willingness to pay the fees associated with your request. **If we do not hear from you by 1 May 2012 we will administratively close your file**

Please refer to Control No. FP-12-010680 in any correspondence regarding this FOIA request. You may refer any questions regarding this FOIA request to the undersigned.

Sincerely,

QUINN CONNIE R 1155460985

Connie R. Quinn
FOIA Coordinator
ACC-APG Huachuca Division

Subject: RE: Estimated Fees for Freedom of Information Request FP-12-010680
(UNCLASSIFIED)

From: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

To: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>, 'Neal Nelson' <neal@nna.com>

Cc: "Rosen, Marc J CIV (US)" <marc.j.rosen.civ@mail.mil>, "Talbotbedard, Margaret M CIV USARMY CECOM
(US)" <margaret.m.talbotbedard.civ@mail.mil>, "Barber, Arlie J CIV (US)" <arlie.j.barber.civ@mail.mil>,
"Ledesma, Jesus S CIV (US)" <jesus.s.ledesma.civ@mail.mil>, "Franks, Gwendolyn T CIV USARMY CECOM
(US)" <gwendolyn.t.franks.civ@mail.mil>, "Lebano, Tito N CIV (US)" <tito.n.lebano.civ@mail.mil>, "Russell,
Loretta J CIV (US)" <loretta.j.russell2.civ@mail.mil>, "Kingery, Amber L CIV (US)"
<amber.l.kingery.civ@mail.mil>

Tue, 1 May 2012 14:13:37 +0000

Classification: UNCLASSIFIED
Caveats: NONE

Mr. Nelson: This is a reminder that this FOIA request will be closed at the
end of the day
unless you agree to the fee estimate.

Please confirm receipt of this email.

Thank you.

CONNIE R. QUINN
Information Management Specialist
Operational Support Team
ACC/APG-Huachuca Division
2133 Cushing Street, Building 61801
Fort Huachuca, AZ 85613-7070
Phone: 520-538-9278 - DSN 879-9278
Email: connie.r.quinn.civ@mail.mil

Subject: RE: Estimated Fees for Freedom of Information Request FP-12-010680 (UNCLASSIFIED)

From: "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

To: 'Neal Nelson' <neal@nna.com>

Cc: "Rosen, Marc J CIV (US)" <marc.j.rosen.civ@mail.mil>, "Talbotbedard, Margaret M CIV USARMY CECOM (US)" <margaret.m.talbotbedard.civ@mail.mil>, "Barber, Arlie J CIV (US)" <arlie.j.barber.civ@mail.mil>, "Ledesma, Jesus S CIV (US)" <jesus.s.ledesma.civ@mail.mil>, "Franks, Gwendolyn T CIV USARMY CECOM (US)" <gwendolyn.t.franks.civ@mail.mil>, "Lebano, Tito N CIV (US)" <tito.n.lebano.civ@mail.mil>, "Russell, Loretta J CIV (US)" <loretta.j.russell2.civ@mail.mil>, "Kingery, Amber L CIV (US)" <amber.l.kingery.civ@mail.mil>, "Quinn, Connie R CIV (US)" <connie.r.quinn.civ@mail.mil>

Wed, 2 May 2012 13:56:50 +0000

Classification: UNCLASSIFIED
Caveats: NONE

This FOIA request has been administratively closed.

If you have any questions, please let me know.

Thank you!

CONNIE R. QUINN
Information Management Specialist
Operational Support Team
ACC/APG-Huachuca Division
2133 Cushing Street, Building 61801
Fort Huachuca, AZ 85613-7070
Phone: 520-538-9278 - DSN 879-9278
Email: connie.r.quinn.civ@mail.mil

# EXHIBIT 7

**From** "Neal Nelson" <neal@nna.com>

**To** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**Date** Tue, 22 Mar 2011 13:16:28 GMT

**Subject** Re: FOIA REQUESTS 2007360 AND 2009131

Ms. Edwards,

Re. FOIA requests 2007360 and 2009131

After receiving denial letters for the two FOIA
requests listed above, in accordance with the FOIA,
I requested a review by the Federal Courts.

The court recently ruled against me, so I am ready
to pay the estimated processing fees for these two
requests.

Your letter dated October 1, 2007 showed an estimated
processing fee of $ 600.00 for request 2007360 and
your letter dated March 19, 2009 showed an estimated
processing fee of $ 559.00 for request 2009131.

Where should I send my payments of these amounts?

Thank you,

Neal Nelson

**From** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**To** "Neal Nelson" <neal@nna.com>

**Date** Tue, 22 Mar 2011 11:21:12 -0400

**Subject** RE: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)


Classification: UNCLASSIFIED

Caveats: NONE


Hi Neal,

The payments will be accepted for these two FOIA requests (2007360
and 2009131). I will let you know shortly how to make payment. Thanks,
Ellen

Ellen Edwards

Installation FOIA Officer

US Army Garrison

ATTN: IMNE-MON-HRR

Fort Monmouth, NJ 07703

comm: 732-532-1769, DSN: 992-1769

ellen.edwards@us.army.mil

**From** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**To** "Neal Nelson" <neal@nna.com>

**Date** Thu, 24 Mar 2011 08:17:56 -0400

**Subject** FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Mr. Nelson,
Please send a check for $1159.00 made out to "Centralized Disbursing
Office" indicating FOIA numbers 2007360 and 2009131 and submit to
the
following office:

US Army Garrison
Freedom of Information Act Office
ATTN: IMNE-MON-HRR
Bldg. 286, Russel Hall
Fort Monmouth, NJ 07703-5000

Thank you,

Ellen Edwards
Installation FOIA Officer
US Army Garrison
ATTN: IMNE-MON-HRR
Fort Monmouth, NJ 07703
comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

**From** "Neal Nelson" <neal@nna.com>

**To** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**Date** Thu, 31 Mar 2011 16:52:58 GMT

**Subject** Re: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)

Ellen,

Who will be my follow up point of contact
for the pre-disclosure notification process?

Neal Nelson

**From** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**To** "Neal Nelson" <neal@nna.com>

**Date** Thu, 31 Mar 2011 14:37:24 -0400

**Subject** RE: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Neal,
I am checking. Ellen

Ellen Edwards
Installation FOIA Officer
US Army Garrison
ATTN: IMNE-MON-HRR
Fort Monmouth, NJ 07703
comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

**From** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**To** "Neal Nelson" <neal@nna.com>

**Date** Thu, 31 Mar 2011 14:43:44 -0400

**Subject** RE: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Neal,

Your contact is Caryn Hargrave, caryn.hargrave@us.army.mil. Ellen

Ellen Edwards
Installation FOIA Officer
US Army Garrison
ATTN: IMNE-MON-HRR
Fort Monmouth, NJ 07703
comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

**From** "Neal Nelson" <neal@nna.com>

**To** "Hargrave, Caryn L MAJ RES USAR AMC"
<Caryn.Hargrave@us.army.mil>

**Date** Mon, 04 Apr 2011 13:47:22 GMT

**Subject** Re: Pre-disclosure Notification

Hi Caryn,

Ellen told me that you will be my point of
contact for the pre-disclosure notification
processing. Is that correct?

If so, can you give me a feeling about when
the process will be complete?

Thanks,

Neal Nelson

**From** "Neal Nelson" <neal@nna.com>
  **To** "Hargrave, Caryn L MAJ RES USAR AMC"
<Caryn.Hargrave@us.army.mil>
  **Date** Tue, 12 Apr 2011 12:17:45 GMT
**Subject** Re: Freedom of Information Act Request 2009-131

Caryn,

Ellen told me that you are my point of contact
for the pre-disclosure notification processing.
Is that correct?

I sent the check by registered mail, and I have
a delivery confirmation dated 3/28, but the check
has not been deposited. Was the check directed
to the right person? Why has is not been cashed?

Can you provide me with some estimated time line
to complete the pre-disclosure notification
processing?

Thanks,

Neal Nelson

**From** "Neal Nelson" <neal@nna.com>

**To** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**Date** Thu, 24 Mar 2011 10:53:53 GMT

**Subject** Re: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)

Thank you Ellen,

I will do that today.

Do you require a certified check?

Neal

**From** "Edwards, Ellen P CIV USA IMCOM" <Ellen.Edwards@us.Army.Mil>

**To** "Neal Nelson" <neal@nna.com>

**Date** Thu, 24 Mar 2011 08:33:22 -0400

**Subject** RE: FOIA REQUESTS 2007360 AND 2009131 (UNCLASSIFIED)


Classification: UNCLASSIFIED
Caveats: NONE

No a personal check will do fine. Thanks, Ellen

Ellen Edwards
Installation FOIA Officer
US Army Garrison
ATTN: IMNE-MON-HRR
Fort Monmouth, NJ 07703
comm: 732-532-1769, DSN: 992-1769
ellen.edwards@us.army.mil

**From** "Hargrave, Caryn L Ms CIV USAR AMC"
<Caryn.Hargrave@us.army.mil>
  **To** "Neal Nelson" <neal@nna.com>
 **Date** Tue, 12 Apr 2011 10:53:59 -0400
**Subject** RE: Freedom of Information Act Request 2009-131
(UNCLASSIFIED)


Classification: UNCLASSIFIED
Caveats: NONE


Mr. Nelson - Ellen has been out of the office for part of last week and
at least this week, so this probably explains why she hasn't deposited
it yet. I know that she received it. I also emailed my contacts
regarding the PDNs so I will let you know about that asap. Thanks

**From** "Neal Nelson" <neal@nna.com>

**To** "Hargrave, Caryn L Ms CIV USAR AMC"
<Caryn.Hargrave@us.army.mil>

**Date** Tue, 12 Apr 2011 13:33:04 GMT

**Subject** Re: Freedom of Information Act Request 2009-131
(UNCLASSIFIED)


Thank you. - Neal

**From** "Neal Nelson" <neal@nna.com>

**To** "Hargrave, Caryn L Ms CIV USAR AMC"
<Caryn.Hargrave@us.army.mil>

**Date** Mon, 25 Apr 2011 13:06:12 GMT

**Subject** Re: Freedom of Information Act Request 2009-131
(UNCLASSIFIED)

Ms. Hargrave,

I checked with my bank this morning and
the check has not been processed. It has
been over a month. Is there a problem?

Neal Nelson